## Horace Smith v. The State.

No. 7582. Decided October 10, 1923.

Rehearing denied November 21, 1923.

### 1.—Selling Intoxicating Liquor—Evidence—Cross-Examination.

Where the previous matter regarding the injury of the wife of the State's witness was not inquired into by the State, and in response to cross-examination by defendant's counsel the witness admitted there was some suspicion directed at him about the injury to his wife, and he was then asked by defendant's counsel if it was not after this suspicion that he told the officers that the Smiths (including defendant) had sold him whisky and made him drunk, to which he answered that he told them all he knew, but denied saying that the Smiths had beat up his wife, there was no error in permitting the State on redirect examination to ask the witness if the suspicion was not also directed toward a brother of defendant as being the party who had committed the assault.

### 2.—Same—Evidence—Cross-examination—Redirect Examination.

If the purpose of the examination by appellant's counsel was to leave the impression that the State's witness was undertaking to make some charge against appellant or his brother in order to divert suspicion from himself as being guilty of the injury to his wife, then the State had a right to inquire into it upon redirect examination.

### 3.—Same—Evidence—Conduct of District Attorney.

Where the last question by the district attorney was not answered, but exception thereto taken, and the trial judge immediately instructed the jury that they must not pay any attention to the remarks of counsel on either side, but to consider the evidence as given by the witnesses and disregard the remarks of the district attorney, there was no reversible error.

### 4.—Same—Rehearing—Redirect Examination.

Where the question asked by the district attorney was not answered by the witness, and the witness having testified that he had bought liquor from defendant, he might have explained any blow that he had struck his wife that he did so under the influence of liquor at the time, and there was no reversible error.

### 5.—Same—Bill of Exception—Practice on Appeal.

Where in the bill of exceptions absolutely nothing showing the surroundings, setting or conditions, antecedent to or subsequent to the question by defendant, the same cannot be considered on appeal.

### 6.—Same—Bill of Exceptions—Practice on Appeal.

Where nothing was stated in the bill of exceptions except that the court instructed the jury to pay no attention to the remarks of the district attorney, that he understood the witness came. to swear that there wasn't anything there, etc., and nothing showed the antecedents, surroundings or purpose of this question, there was no reversible error.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of selling intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for selling intoxicating liquor, with punishment of two years in the penitentiary.

It is unnecessary to detail the evidence. If the testimony offered by the State is accepted as true, and it evidently was so considered by the jury, it is sufficient to support the verdict.

The sale of the liquor is alleged to have been made to E. C. Harrison. A few nights after the alleged sale Mrs. Harrison sustained injuries inflicted upon her by some one and during the investigation of such assault the officers were informed by Harrison of the sale to him of the liquor by appellant. This matter was not inquired into by the State on its examination in chief of Harrison, but was developed on cross-examination. In response to examination by appellant's counsel Harrison admitted there was some suspicion directed at him (Harrison) about the injury to his wife. He was asked then if

it was not after this suspicion was directed towards himself that he told the officers the Smiths had sold him whisky and made him drunk, to which he replied that he told all he knew at that time but denied saying the Smiths had beat his wife up. Unless we misapprehend the record it was sought by this cross-examination to make the impression upon the jury that in order to divert attention from the suspicion towards him Harrison had claimed that the Smiths were guilty of the assault upon his wife and had also sold him the whisky in question. Upon re-direct examination counsel for the State was permitted over appellant's objection to ask Harrison if suspicion was not also directed toward Howard Smith, a brother of appellant, as being the party who had committed the assault. So far as we have been able to gather from the record Harrison never at any time charged any of the Smiths with having sold him whisky except appellant, and never charged that appellant or Howard Smith had anything to do with the assault upon Mrs. Harrison. Mrs. Harrison in her testimony expressly disclaims that she had any idea that appellant committed the assault upon her. In this state of the record we have been unable to determine that any injury resulted to appellant from this inquiry on the part of the State or that the court was in error in admitting it. If the purpose of the examination by appellant's counsel was to leave the impression that Harrison was undertaking to make some charge against appellant or his brother in order to divert suspicion from himself as being guilty of the injury to his wife then the State had a right to inquire into it upon re-direct examination. Further complaint is made that Harrison was asked by appellant's counsel if he had hit his wife in the head would he admit it, to which the witness replied that he would not mind telling it. The district attorney then asked the witness: ''If you had done it (hit his wife) you would have done it while under the influence of Horace Smith's whisky, wouldn't you?''

The last question by the district attorney was not answered but exception was reserved to the question. The trial judge immediately instructed the jury that they must not pay any attention to the remarks of counsel on either side but it was their duty to consider the evidence as given by the witnesses and that they should not consider the remarks of the district attorney as affecting the guilt or innocence of appellant. In view of the prompt action taken by the court in the matter we do not regard it as of sufficient consequences to require a reversal of the case.

The judgment is affirmed.

*Affirmed.*

## November 21, 1923.

LATTIMORE, JUDGE.—We have carefully examined each of the bills of exception upon which, in his motion for rehearing, appellant predicates an allegation of error in our former opinion. Bill of exceptions No. 2 sets out a number of answers of a witness who was being examined and it is difficult to ascertain at which one of the answers or questions the exception is aimed. It is clear from the bill that appellant was seeking to show by the State witness that he had struck his wife upon the head. The witness denied doing it and at the same time held up his hand. Questioned by appellant's counsel as to why he held up his hand, he said it was to answer before God. He was then asked by appellant's counsel if he had struck his wife would he admit it, and the reply was that he would not mind telling it. Upon re-direct examination the State's counsel asked witness: "If you had done it, you would have done it when under the influence of defendant's whisky, wouldn't you?" The question was not answered. The witness having testified that he had bought liquor from appellant, might have explained any blow that he had struck his wife, if he had done so, by saying that he was under the influence of the liquor at the time. We do not apprehend such evil consequences from this character of examination as appellant's counsel does.

Bill of exceptions No. 3 presents objections to a question asked a witness for appellant on cross-examination. The bill contains absolutely nothing showing the surroundings, setting or conditions antecedent or subsequent to the question from which this court could determine its relevance or injury.

Bill of exceptions No. 4 avers that the district attorney, in the cross-examination of a witness of appellant, said: "You did not see anything there, but you can't say there was not anything there; I understand you came here to swear there wasn't any there?" Nothing appears in the bill showing the surroundings, antecedents, purpose or relevancy of this question, and nothing is stated except that the court instructed the jury to pay no attention to the remark of the district attorney. Whether the remark was based on former testimony of the witness or whether it was intended to express the conclusion arrived at by the district attorney from what the witness had already said, does not appear. We could not reverse cases for bills of exception presenting errors where nothing more is set out than appears in these bills.

The motion for rehearing will be overruled.

*Overruled.*