BROWN *v.* STATE.

(In Banc.   Nov. 11, 1946.)

[27 So. (2d) 838.   No. 36261.]

Cecil A. Rogers and J. V. Gipson, both of Meridian, for appellant.

882

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **Cecil A. Rogers**, for appellant, and by Geo. **H. Ethridge**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the Court.

In the County Court of Lauderdale County George Brown, appellant, and his wife, Cora Brown, were convicted of assault and battery upon Arthur Clark under an indictment returned by the grand jury in the Circuit Court, charging them with assault and battery with intent to kill and murder him. On motion of the prosecuting attorney the case was transferred to the County Court for trial, where conviction was had, as stated supra. On appeal to the Circuit Court, the conviction was affirmed and George Brown, the husband, appeals here. Cora Brown, the wife, accepted a moderate sentence from the Court, held up during good behavior.

The scenes culminating in the assault upon Clark began at the home of Abraham Coleman, the brother of Cora Brown, and consequently the brother-in-law of appellant. They were all drinking beer there until the supply became exhausted and all of them, including Abraham Coleman, repaired to the home of Hemp Green for more and additional conviviality. There, however, George Brown and Arthur Clark had a quarrel, and Hemp Green ordered

them all away. Before leaving appellant took an unopened knife away from Arthur Clark, and Cora carried with her a window prop of some proportions. The victim was knocked in the head and stabbed in the assault which later took place by the side of the highway. We deem further discussion of the facts unnecessary, as there is only one assignment of error worthy of discussion, and which has nothing to do with the merits of the charge. The above brief recital sufficiently shows the necessary facts. At the trial George Brown and Cora did not produce Abraham Coleman as a witness in their behalf. It does not appear from the record whether or not he was in the courtroom during the trial.

The assignment of error we feel we should discuss presents a difficult question for decision. It is "the Court erred in overruling the defendant's objection to the argument of the county prosecuting attorney to the effect that the defendant failed to bring into Court his brother as a defense witness, which was in the language as follows, to-wit: 'The defendant failed to bring into court his brother as a defense witness. Where is he, and why did he not testify for the defense?' " The attorney for the defendants, one of whom was the appellant and the other his wife who did not appeal, then and there objected and moved for a mistrial, obtaining a special bill of exceptions. The court overruled the objection and the motion. All that occurred in this connection is set out in the above recital, so far as the record shows.

Appellant here cites several cases in support of his position that this argument of the prosecuting attorney was improperly prejudicial to him. Among such cases is Brown v. State, 98 Miss. 786, 54 So. 305, 34 L. R. A. (N. S.) 811. It is argued here by appellant that Abraham Coleman, the brother of defendant Cora, and hence the brother-in-law of appellant, was equally available to both the prosecution and the defendant at the trial in the county court, and hence it was improper for the prosecuting

attorney, in his closing argument, to refer to defendants' failure to introduce him as a witness, and unfairly prejudiced defendants by the argument sufficiently to justify a new trial for them. In the Albert Brown case we said that the rule, that the failure of either party to examine a witness equally accessible to both parties, offered no foundation for a prejudicial reference and applied to both civil and criminal cases. In that case the brother and father of the defendant were both actually present in the courtroom and were not offered as witnesses by the defendant, although possessed of evidentiary knowledge of the facts. We cited, with approval, the case of Story v. Concord & M. R. R., 70 N. H. 364, 48 A. 288, among others, commenting that it recognized the rule that no inference can be drawn because a witness "equally at the command of each party is not called," [98 Miss. 786, 54 So. 306]. The Court also cited, but with disapproval, the case of Western etc. R. Co. v. Morrison, 102 Ga. 319, 29 S. E. 104, 40 L. R. A. 84, 66 Am. St. Rep. 173, another civil case, wherein a contrary view was expressed by a majority of the court [98 Miss. 786, 54 So. 306]; "but the dissenting opinion of Chief Justice Simmons is stronger in both reason and authority than that of the majority of the court, and is really the fullest and ablest dissertation on the subject that a diligent search of the books has afforded. Among other matters considered, he shows quite plainly that the fact that the persons not examined as witnesses are relatives of the accused affords no ground for a prejudicial inference, and thereupon no excuse for comment on the failure of the accused to put them on the stand."

In the dissenting opinion, Judge Simmons referred to Chase v. City of Chicago, 20 Ill. App. 274, an early case, where the plaintiff did not introduce as a witness her husband. He was, however, present in court. Counsel for defendant after characterizing plaintiff's case as a blackmailing scheme to extort money out of the city, turned upon her counsel and demanded: "Why didn't you put

Mr. Chase upon the witness stand, John Gibbons? . . . I'll tell you why. Because you knew that the old grey haired man would not perjure himself for you, and you could not perpetrate this fraud and conspiracy with his assistance." Neither that authority, nor any other authority making one spouse a witness against the other is competent in Mississippi, because of Section 1689, Code 1942, providing "Husband and wife may be introduced by each other as witness in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both." So, in Mississippi, a husband or a wife would not be available to the State against the other in a criminal case, except under the statute, and hence not be equally available to both sides to the suit or action. Finklea v. State, 94 Miss. 777, 48 So. 1.

In a comparatively recent case, the Texas Court, where appellant's relatives were in court and were not called to the stand by appellant, and as to which the district attorney commented in his argument, said: "The burden rested upon appellant to establish his insanity by a preponderance of the testimony, and, if any of his relatives who had known him from childhood were present in court and were not called by appellant as witnesses, this would be a circumstance a reference to which in argument would not be improper." Dobbins v. State, 127 Tex. Cr. R. 380, 76 S. W. (2d) 1057, 1059.

The same court, in Bergemann v. State, 125 Tex. Cr. R. 488, 69 S. W. (2d) 113, held that in a prosecution for cattle theft, argument of prosecuting attorney criticizing defendants because mother of one defendant was not put upon the stand and examined, such argument was not

error. The Supreme Court of Louisiana, in State v. Scruggs, 165 La. 842, 116 So. 206, said that the district attorney might state in a murder case that members of the family of accused, with knowledge of material facts, who could have testified, were not called, and it was not error on the theory that it was improper argument as being comment on the failure of appellant to testify. And the same court held that the argument of the district attorney was not improper, where he argued that defendant's mother was in court and that the defendant had failed to put her on the witness stand because of fear of cross-examination. State v. Simmons et al., 167 La. 963, 120 So. 612.

It is however, the general rule, in Mississippi, that the failure of either party to examine a witness equally accessible to both is not a proper subject of comment before the jury by either of the parties. Heafner v. State, 196 Miss. 430, 17 So. (2d) 806. The question here, therefore, is whether or not we shall overrule the Albert Brown case, or affirm the appeal of George Brown here, because of that early decision. We are of the opinion that the Albert Brown case was improperly decided, and that in the case at bar the court was correct in overruling the objection of the appellant and his codefendant to the argument of the prosecuting attorney and refusing them a new trial. The mere fact that a witness may be hailed into court by the compulsory process thereof at the instance of either party does not necessarily make such witness equally accessible to each, or both. For instance, the wife or husband in a case where the opposite spouse is a party litigant, may be compelled to come into court in response to process at request of either party, but cannot be compelled to testify, and certainly would not be accessible to the one opposing the other spouse. The books use also the word "available" as meaning the same thing as "accessible" in this connection. The purpose of a witness is to testify impartially and fairly, and certainly it is against nature to expect a brother to aid the prosecution of his own sister, if he can

avoid it, or not to go as little way against her as possible. He is not, therefore, we think, to be deemed equally available to the State as to his sister defendant. The phrase is not merely ''accessible'' or ''available,'' but ''equally'' so.

Our jurisprudence recognizes that indeed ''blood is thicker than water.'' Our statutory law provides that in certain conditions the removal of disabilities of minority cannot be secured until certain relatives have been made parties to the procedure. In an early statute, it required all the nearest of kin within the third degree. This has since been modified, but still requiring certain of the kin as parties. Also our statutes require in certain sales of the real estate of minors that certain of the kin of said minor shall be made parties before the sale is valid. In the contest of wills, one of the tests of a valid will against attacks of undue influence or lack of testamentary capacity is whether or not the proof showed the alleged testator knew the natural objects of his bounty and recognized his duty to them.

We held in Mississippi Central R. Co. v. Robinson, 106 Miss. 896, 64 So. 838, 839, that ''Where the railroad company did not produce the engineer in charge of the train which ran down decedent, it is not improper for plaintiff's attorney to comment upon the company's failure, for the engineer was in its control and should have seen the entire occurence.'' There, the witness was equally accessible to both parties as far as production under process was concerned, although it may have been that a mistaken case of loyalty to his employer would have impaired the availability of his testimony to the opposite party to the extent he would not have been an impartial, unbiased witness, such a one as would serve the cause of justice for either with equal candor. Therefore, it was not improper to comment on the failure of the railroad company to put him on the witness stand. And, as the court said, ''The question of the company's negligence is at the same time

a question of his negligence. . . Neither the language of the counsel, nor the failure of the court to instruct the jury to ignore it, is error." The court also said in that case: "The rule that the failure of either party to examine a witness accessible to both should not be the basis of inference has, like all rules, its exceptions."

We conclude that while the person of a witness may be accessible to a party, and his physical presence to testify may be procured by process, that is not the whole question; it is also, whether or not the testimony of the witness is equally available to such party. It is one thing for the person of a witness to be available, and his presence at court obtainable, but it is entirely another thing that what he knows can be equally availed of by the other party. We do not think that the testimony of this brother was equally available to the State as to his sister, codefendant with appellant, her husband, in this criminal prosecution.

The Supreme Court of Missouri, discussing this subject, said: "Now the term 'available' in the connection in which we are using it does not mean merely available or accessible for the service of a subpoena, since any witness who may be found may be subpoenaed at the instance of either party to any cause. Quite to the contrary, the 'availability' of a witness to one or the other of the parties to an action depends either upon such party's superior means of knowledge of the existence and identity of the witness, or else upon the relationship of the witness to the party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party and against the other. In other words, a witness may properly be said to have been peculiarly 'available' to one party to an action, so that upon that party's failure to have produced him in court an inference arises that his testimony would have been unfavorable, when such party had so superior an opportunity for knowledge of the witness, or there was such a

community of personal interest between the party and the witness, as in ordinary experience would have made it reasonably probable that the witness would have been called to testify for such party except for the fact that it was known or feared that his testimony would be damaging rather than favorable.'' Huskey v. Metropolitan Life Ins. Co., Mo. App., 94 S. W. (2d) 1075, 1078. In that case the Court also said that failure of a party to produce such a witness not equally accessible to both parties because of above reasoning ''not only gives rise to a legitimate inference that its production would have resulted unfavorably to him, but also rightfully entitles counsel for the opposing party, in the course of his argument to the jury, to comment upon his adversary's failure to have produced such evidence.'' In this case, the witness about whom the controversy raged, was a fellow-workman of the deceased policyholder in appellee company. See also Vol. 23, C. J. S., Criminal Law, Sec. 1099, p. 566, to the same effect.

We, therefore, overrule the part of the holding in the case of Albert Brown v. State, supra, which is contrary to our conclusion here. The judgment of the Circuit Court of Lauderdale County is affirmed.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.