BOWLING, Justice,
for the Court:
J. D. Bynum, appellant (plaintiff below) appeals from a judgment for Swiss American of Mississippi, Inc. (defendant below). Only one question is involved in the appeal: That is, whether or not the lower court erred in sustaining appellee’s motion for a new trial after a jury verdict for appellant. The first trial resulted in a verdict for appellant. The second, nine months after the order granting a new trial, resulted in a verdict for appellee. We reverse and reinstate the judgment of the first trial.
On April 22,1975, appellant filed his declaration against appellee, alleging that on or about February 18, 1975, appellant was employed by appellee to manage a 2,000 acre farm owned by appellee in Monroe County, Mississippi. It was alleged that appellant was to be paid a salary of $1,000 per month in addition to a home, utilities and other benefits, and would continue for the balance of 1975, also it was alleged that on April 21, 1975, appellant’s employment agreement was terminated by appellee without reason or cause and he thereby was damaged in the amount of the benefits lost for the remaining part of the year. Punitive damages also were requested.
Appellee answered the declaration admitting the salary agreement but denying that it was for a specific period of time. Appel-lee affirmatively alleged that appellant’s termination was with cause because of his continued poor performance in his work and his frequent inattention to the requirements of his job. The answer further alleged that appellee would show that appellant was unable to properly supervise other employees and failed to exercise good judgment on behalf of the appellee.
Appellant filed a motion for a bill of particulars with an attached affidavit requesting an order of the court to require that appellee specify the time, place, cir *907 cumstances, and persons present, and more particularly to specify what performance appellee contends was poor performance in appellant’s work. The motion further alleged that appellant was entitled to know the names, dates, and places of each alleged act of poor performance, together with the names and addresses of any witnesses to these acts, and the names and addresses of each worker alleged by appellee who was not properly supervised and the duties of such persons. The court entered an order requiring appellee to file a bill of particulars in accordance with the motion.
The verified bill of particulars filed by appellee gave the names of five employees who would testify pertaining to the affirmative allegations of appellee’s answer. The bill of particulars alleged that “employee, Sam Vasser, observed the plaintiff, J. D. Bynum, sleeping during hours that he was supposed to be working on Tombigbee Farms”; that “on one occasion, the exact date being unrecalled, employee, Roy Greer, observed the plaintiff, J. D. Bynum, sleeping when he was supposed to be working on Tombigbee Farms; although the exact time of this occurrence is unrecalled, it occurred during the normal working hours and on a normal working day. . .”; that “on numerous occasions, the exact count being unrecalled, as well as, the exact dates, . employee, Cecil Heard, observed the plaintiff, J. D. Bynum, sleeping when he was supposed to be working on Tombigbee Farms . . that “on one occasion, the exact date being unrecalled, employee O. C. Derring, while driving a tractor acted as a look-out so that plaintiff, J. D. Bynum, could sleep in his pickup truck at a time when he was supposed to be working on Tombigbee Farms . . . ”; that “on two occasions, the exact dates being unrecalled, employee, James Downing, observed J. D. Bynum sleeping at times when he was supposed to be working. Downing observed Bynum sleeping on one occasion in the field in a pickup truck, where the other persons present were Bynum’s children and O. C. Derring . . .”; that “on at least five different occasions, Swiss American of Mississippi, Inc. employee, Marcus Oswalt, observed the plaintiff, J. D. Bynum, sleeping at times when he was supposed to be working on Tombigbee Farms . . .”; that “Bynum frequently cursed the employees or farm hands which he was directed to supervise and thereby created a general air of discontent among the workers. The employees’ identities are Sam Vasser, Roy Greer, O. C. Derring and Cecil Heard.”
Although all of the employees listed in the verified bill of particulars were subpoenaed, appellee, in presenting its case, only introduced James Downing, Marcus Oswalt, Cecil Heard and Roy Greer. It was obvious that two employees listed in the bill of particulars, namely, Sam Vasser and 0. C. Deering, were not called as witnesses to verify the specific allegations of the bill of particulars.
The first trial resulted in a verdict for appellant in the sum of $9,148.36.
The trial was had on June 16, 1976. On June 23, 1976, appellee’s attorneys filed a bill of exceptions approved by the trial judge, which stated that the following occurred during the argument of the attorney for appellant:
BY COUNSEL FOR PLAINTIFF: I submit to you that none of these people, these two tractor drivers came in there, Cecil Heard came in there, they brought him in there and they didn’t put any of the rest of them on because they knew that they were not going to uphold them on this thing. .
BY COUNSEL FOR DEFENDANT: Now, we object to that, the witnesses were just as available to him, anybody that he wanted to subpoena here.
BY COUNSEL FOR PLAINTIFF: We didn’t subpoena them, they did, your Honor.
BY JUDGE SENTER: Overruled, you may argue the point.
BY COUNSEL FOR PLAINTIFF: (Continuing) They subpoenaed these witnesses but they didn’t use them because they knew that it was not true and they knew that these witnesses was not going to uphold them after they put those two on.
*908 BY COUNSEL FOR DEFENDANT: If the Court please, we object again to that.
BY JUDGE SENTER: Overruled.
After hearing appellee’s motion for a new trial, one ground of which included the matters set out in the bill of exceptions, the court entered its order granting the motion, stating:
[T]his Court erred in overruling defendant’s objection to the remarks of plaintiff’s counsel made during the final argument in this case and pertaining to the fact that the defendant had certain witnesses under subpoena but did not call them to testify because their testimony would be unfavorable to the defendant. The complete transcript of this remarks is contained in the Bill of Exceptions filed in this cause.
That the general rule of law that is controlling in this case is simply that the failure of either party to examine a witness equally accessible to both is not a proper subject for comment before a jury by either of the parties. The mere fact that these witnesses either once worked for or now work for defendant does not, in and of itself, make them inaccessible to the plaintiff. .
The general rules regarding whether or not appellant’s attorney was permitted to make the observations in his argument, as hereinbefore set out, are discussed in the case of Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946). Although that ease involved a criminal prosecution, it appears that the same principles apply whether in a criminal or civil case. In Brown, the error alleged was that the court erred in overruling the defendant’s objection to the argument of the county prosecuting attorney to the effect that the defendant failed to bring into court his brother as a defense witness. The Court, in discussing the question, set out the general rule that the failure of either party to examíne a witness equally accessible to both is not a proper subject of comment before the jury by either of the parties. The Court, however, went further and discussed exceptions to this general rule. It stated:
The mere fact that a witness may be hailed into court by the compulsory process thereof at the instance of either party does not necessarily make such witness equally accessible to each, or both. .
We held in Mississippi Central R. Co. v. Robinson, 106 Miss. 896, 64 So. 838, 839, that “Where the railroad company did not produce the engineer in charge of the train which ran down decedent, it is not improper for plaintiff’s attorney to comment upon the company’s failure, for the engineer was in its control and should have seen the entire occurrence.” There, the witness was equally accessible to both parties as far as production under process was concerned, although it may have been that a mistaken case of loyalty to his employer would have impaired the availability of his testimony to the opposite party to the extent he would not have been an impartial, unbiased witness, such a one as would serve the cause of justice for either with equal candor. Therefore, it was not improper to comment on the failure of the railroad company to put him on the witness stand. And, as the court said, “The question of the company’s negligence is at the same time a question of his negligence . Neither the language of the counsel, nor the failure of the court to instruct the jury to ignore it, is error.” The court also said in that case: “The rule that the failure of either party to examine a witness accessible to both should not be the basis of inference has, like all rules, its exceptions.”
We conclude that while the person of a witness may be accessible to a party, and his physical presence to testify may be procured by process, that is not the whole question; it is also, whether or not the testimony of the witness is equally available to such party. It is one thing for the person of a witness to be available, and his presence at court obtainable, but it is entirely another thing that what he knows can be equally availed of by the other party. We do not think that the testimony of this brother was equally *909 available to the State as to his sister, codefendant with appellant, her husband, in this criminal prosecution.
The Supreme Court of Missouri, discussing this subject, said: “Now the term ‘available’ in the connection in which we are using it does not mean merely available or accessible for the service of a subpoena, since any witness who may be found may be subpoenaed at the instance of either party to any cause. Quite to the contrary, the ‘availability’ of a witness to one or the other of the parties to an action depends either upon such party’s superior means of knowledge of the existence and identity of the witness, or else upon the relationship of the witness to the party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party and against the other. In other words, a witness may properly be said to have been peculiarly ‘available’ to one party to an action, so that upon that party’s failure to have produced him in court an inference arises that his testimony would have been unfavorable, when such party had so superior an opportunity for knowledge of the witness, or there was such a community of personal interest between the party and a witness, as in ordinary experience would have made it reasonably probable that the witness would have been called to testify for such party except for the fact that it was known or feared that his testimony would be damaging rather than favorable.” Huskey v. Metropolitan Life Ins. Co., Mo.App., 94 S.W.2d 1075, 1078. In that case the Court also said that failure of a party to produce such a witness not equally accessible to both parties because of above reasoning “not only gives rise to a legitimate inference that its production would have resulted unfavorably to him, but also rightfully entitles counsel for the opposing party, in the course of his argument to the jury, to comment upon his adversary’s failure to have produced such evidence.” In this case, the witness about whom the controversy raged, was a fellow-workman of the deceased policyholder in appellee company. See also Vol. 23, C.J.S., Criminal Law § 1099, p. 566, to the same effect.
In the case now before us the primary question was whether or not appellee had cause to terminate appellant’s employment. This issue was raised by appellee’s answer and was specifically spelled out in the verified bill of particulars. Two employees who were subpoenaed and not called by appellee and about whom appellant’s counsel commented as not testifying were Sam Vasser and O. C. Derring. Vasser, the first employee set out in the bill of particulars, according to appellee, would testify that on at least two occasions he had observed the appellant sleeping during hours he was supposed to be working on Tombigbee Farms. The bill of particulars further affirmatively alleged that employee O. C. Derring, while driving a tractor, acted as a lookout so that appellant could sleep. It was alleged in the bill of particulars that appellee had relied on this information in terminating appellant’s employment and would rely at the trial on this evidence of these two employees as well as others. In the court’s opinion, appellant’s attorney had the right to comment on the failure of appellee to present these employees after appellee, in its pleadings, stated it was relying on them to establish its case. The giving of this right to appellant’s attorney is mandated by the Court’s opinion in Brown, supra. Certainly the two witnesses were “equally accessible” to both parties by subpoena. We have to go further though and recognize that this fact alone, whereby the witnesses, according to Brown, “may be hailed into court,” does not make such witness equally accessible to each or both. Appellant was faced with the affirmative, verified allegation that appellee was relying on the testimony of these two employees not subsequently called at the trial.
We hold that the lower court correctly overruled appellee’s objection to the quoted argument of appellant’s attorney. As here-inbefore stated, this question is the only one raised in the appeal and there is no cross- *910 appeal. We are forced to the conclusion that the cause should be reversed and the judgment rendered in the first trial reinstated here. It is, therefore, ordered that the original judgment in the sum of $9,148.36 entered by the lower court on June 22, 1976, be reinstated, together with interest at the rate of eight percent (8%) per annum from the date of the judgment.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.