BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County for the crime of aggravated assault and received a sentence of twenty years with the Mississippi Department of Corrections. Appellant assigns three alleged errors, namely:
I. THE COURT ERRED IN ALLOWING THE DISTRICT ATTORNEY TO ASK QUESTIONS CONCERNING THE WHEREABOUTS OF OTHER WITNESSES THE APPELLANT COULD HAVE PRODUCED AT THE TRIAL OF HIS CASE.
*759 II. THE COURT ERRED IN ALLOWING SERGEANT WILLIAMS OF THE JACKSON POLICE DEPARTMENT TO TESTIFY CONCERNING THE RECORDS OF THE CITY JAIL AS THEY RELATED TO THE WHEREABOUTS OF JAMES JEROME GREEN BETWEEN THE DATES OF OCTOBER 9th AND OCTOBER 30th, 1980.
III. THE COURT ERRED IN ALLOWING DETECTIVE C. M. CRISCO TO TESTIFY AS TO WHAT THE APPELLANT SAID AS TO HIS WHEREABOUTS ON NOVEMBER 13, 1980, AND THE INTRODUCTION OF A WAIVER WHICH WAS NOT SIGNED BY THE APPELLANT.
During the late night hours of November 13,1980, a Korean female, wife of an American citizen, was attacked and badly beaten on Maple Street in Jackson. Police found her in a bad physical condition with a number of injuries, including a fractured sinus cavity. There were shoe marks on her face. The lady was taken to the University Medical Center Emergency Room and admitted to the hospital. Upon being interviewed, she could not speak English but managed to give investigating officers a description of her assailant. Appellant was arrested on December 6, 1980, and charged with the crime.
At appellant’s trial the Korean native testified through an interpreter. She was 27 years of age; she had finished her work at about 10:40 p. m. and was going to pick up her daughter near Maple and Mill Streets. She was passing by the side door of a club when a man called to her. She was scared and tried to walk ahead, but the man caught up with her and the assault ensued. She testified that she saw the face of her assaulter three different times because there was a street light nearby and she positively identified appellant was the man who committed the assault. She testified that she was shown about forty to fifty pictures by the investigating officers and she picked appellant out of these pictures. She also picked him out of a police department line-up.
Appellant’s defense was an alibi. He introduced a witness who identified herself as appellant’s girlfriend. She testified that on the night of the assault the appellant was at her house from about 8 p. m. until 3 a. m. She further testified that appellant was at her house every night during that period of time for just about a .whole year prior to the assault. She and the appellant, according to her, never left the house on a Wednesday night [the night of the assault].
The girlfriend’s mother testified that she lived in the same house with her daughter. Her testimony corroborated that of the daughter that appellant was at her house the night of the assault from 8 or 8:30 p. m. until 3 a. m. She was sure that it was 3 a. m. as she had her clock-radio set to take medicine at that time; that appellant had to come through her room to get outside. She testified that appellant was at her house visiting her daughter during the same period of time between the dates of October 9 and October 30, 1980.
On rebuttal, the state introduced one of the investigating police detectives who testified the appellant stated to him that he could not have been involved in the assault because at that time he was “hanging out with his buddies.” The state introduced a police sergeant who was a shift commander of the Jackson City Jail and thereby supervised the records. He testified that between the dates of October 9, 1980, and October 30,1980, it would have been impossible for appellant to have been at their home or anyone else’s home.
I. THE COURT ERRED IN ALLOWING THE DISTRICT ATTORNEY TO ASK QUESTIONS CONCERNING THE WHEREABOUTS OF OTHER WITNESSES THE APPELLANT COULD HAVE PRODUCED AT THE TRIAL OF HIS CASE.
Appellant’s girlfriend testified that her brother and sister were in the house with her mother and her on the night in question and that they saw appellant there during the period of time testified to by her. The girlfriend was asked if her brother and sister were at the courthouse and the *760 girlfriend answered they were not. There was no objection by appellant’s attorney to this question when it was first asked. Later on in the girlfriend’s testimony it was repeated and an objection was then made but overruled. Appellant contends this was reversible error.
This Court discussed the question of the prosecuting attorney commenting on why a witness was not brought into court as a defense witness in the case of Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946), and stated the following:
We conclude that while the person of a witness may be accessible to a party, and his physical presence to testify may be procured by process, that is not the whole question; it is also, whether or not the testimony of the witness is equally available to such party. It is one thing for the person of a witness to be available, and his presence at court obtainable, but it is entirely another thing that what he knows can be equally availed of by the other party. We do not think that the testimony of this brother was equally available to the state as to his sister, codefendant with appellant, her husband, in this criminal prosecution.
The Supreme Court of Missouri, discussing this subject, said: “Now the term ‘available’ in the connection in which we are using it does not mean merely available or accessible for the service of a subpoena, since any witness who may be found may be subpoenaed at the instance of either party to any cause. Quite to the contrary the ‘availability’ of a witness to one or the other of the parties to an action depends either upon such party’s superior means of knowledge of the existence and identity of the witness, or else upon the relationship of the witness to the party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party and against the other. In other words, a witness may properly be said to have been peculiarly ‘available’ to one party to an action, so that upon that party’s failure to have produced him in court an inference arises that his testimony would have been unfavorable, when such party had so superior an opportunity for knowledge of the witness, or there was such a community of personal interest between the party and the witness, as in ordinary experience would have made it reasonably probable that the witness would have been called to testify for such party except for the fact that it was known or feared that his testimony would be damaging rather than favorable.” Huskey v. Metropolitan Life Ins. Co., Mo.App., 94 S.W.2d 1075, 1078. In that case, the Court also said that failure of a party to produce such a witness not equally accessible to both parties because of above reasoning “not only gives rise to a legitimate inference that its production would have resulted unfavorably to him, but also rightfully entitled counsel for the opposing party, in the course of his argument to the jury, to comment upon his adversary’s failure to have produced such evidence.” In this case, the witness about whom the controversy raged, was a fellow-workman of the deceased policyholder in appellee company. See also Vol. 23 C.J.S. Criminal Law § 1099, p. 566, to the same effect.
We, therefore, overrule the part of the holding in the case of Albert Brown v. State, supra, which is contrary to our conclusion here. The judgment of the Circuit Court of Lauderdale County is affirmed.
It is readily apparent that the brother and sister of the alibi girlfriend witness were not equally available to the state as to appellant and under the guidelines set out in Brown, supra, the question asked by the prosecuting attorney is not reversible error.
II. THE COURT ERRED IN ALLOWING SERGEANT WILLIAMS OF THE JACKSON POLICE DEPARTMENT TO TESTIFY CONCERNING THE RECORDS OF THE CITY JAIL AS THEY RELATED TO THE WHEREABOUTS OF JAMES JEROME GREEN *761 BETWEEN THE DATES OF OCTOBER 9 AND 30, 1980.
Appellant alleges that it was reversible error to indicate from the police jail records that appellant could not have been anywhere else between October 9,1980, and October 30, 1980. As seen above both girlfriend and girlfriend’s mother, particularly the mother, testified that appellant was at their house continuously between the dates stated above. In our opinion the court correctly permitted the testimony of the officer to impeach the positive testimony of the girlfriend and her mother. Appellant contends that this was introducing evidence of another crime allegedly committed by appellant. It is the general rule that in a criminal trial the state cannot introduce evidence of crimes committed by the accused other than that charged in the indictment under which he is then being tried. There are, however, several exceptions to the general rule.
In Brooks v. State, 242 So.2d 865 (Miss.1971), we stated:
The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions. Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty of criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967). The “acid test is its logical relevancy to the particular excepted purpose or purposes” for which the evidence of prior offenses is sought to be introduced, “and the considerations justifying the reception of evidence of other similar crimes has been held by some courts to be peculiarly applicable in prosecutions for sexual offenses.” Id. § 321.
The testimony of the custodian of the jail records that the appellant could have been at no one’s home during the dates set out merely shows that appellant was “in jail.” Even though it could be inferred that he probably could have been charged with a crime, we are of the opinion that under the facts of this case, the evidence constituted an exception to the general rule of evidence of other crimes. Appellant was the one who presented the alibi defense by his girlfriend and her mother. The witnesses were positive that appellant was at their house between the dates above set out. In our opinion it was proper for the state to rebut this positive alibi evidence through the process of unrefuted jail records. Furthermore, even though we would hold that this was a question so close as to render the testimony erroneous, in our opinion the admitting of this testimony is not reversible error.
III. THE COURT ERRED IN ALLOWING DETECTIVE C. M. CRISCO TO TESTIFY AS TO WHAT THE APPELLANT SAID AS TO HIS WHEREABOUTS ON NOVEMBER 13, 1980, AND THE INTRODUCTION OF A WAIVER, WHICH WAS NOT SIGNED BY THE APPELLANT.
After appellant’s arrest it is not denied that he was given all his constitutional warnings and all information regarding his constitutional rights. After this was done, he stated to one of the investigating officers that on the date in question he was “hanging out with his buddies.” The allowance of this evidence was not error. In Davis v. State, 320 So.2d 789 (Miss.1975), we stated as follows:
The appellant cites no authority, nor are we aware of any which requires that a waiver of an accused’s constitutional privileges against self-incrimination, right to counsel, etc. must be in writing and signed by the accused before inculpa-tory statements made by him and otherwise freely and voluntarily given are ad *762 missible in evidence. Such a statement is admissible provided the accused has been afforded the protection of the Miranda warning and he thereafter knowingly and intelligently waives his rights and freely and voluntarily makes the statement.
Assignment of Error No. Ill is without merit.
AFFIRMED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, DAN M. LEE, and DARDEN, JJ., concur.