537 So.2d 882 (1988)
Edward A. HOLMES
v.
STATE of Mississippi.
No. 57911.
Supreme Court of Mississippi.
December 21, 1988.
Donny Meeks, Gulfport, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
The appellant, Edward A. Holmes, was charged with carrying a concealed weapon following a felony conviction in violation of §§ 97-37-1 and 97-37-5, Miss. Code Ann. (1972, amended). Pursuant to this charge, Holmes was convicted and sentenced on April 10, 1986, in the First Judicial District of Harrison County, Mississippi. He was sentenced to serve five years in the Mississippi Department of Corrections under § 99-19-81, Miss.Code of 1972, as amended, without hope of parole or probation. Feeling aggrieved by the holding of the lower court, Mr. Holmes assigns one error. We reverse and remand.

STATEMENT OF THE FACTS
In the early morning hours (around 1:30 a.m.) of August 10, 1985, Pat Sullivan, a Gulfport Fire Department paramedic, was eastbound on Pass Road in Gulfport, Mississippi. Mr. Sullivan noticed an automobile stopped in the middle of the road. This automobile, later identified as a 1975 Chevrolet Nova, was occupied by Edward A. Holmes (hereinafter "Holmes") and a passenger, one Delbert Mason (hereinafter "Mason"). Mr. Mason was a longtime friend of Holmes'. Although Holmes stated that he needed no assistance, Sullivan contacted the Gulfport Police Department nevertheless, to avoid a developing traffic problem.
*883 Responding to Sullivan's call, several police officers from the Gulfport Police Department arrived at the scene. According to the testimony of Sullivan, the officers questioned Holmes, as well as looked into the interior of the car. One of the first officers present, Kenneth Scott Henderson, testified as to the contents of the automobile, and stated that he observed a machete lying on the car seat, partially covered by clothing. Additionally, Henderson saw what he described as a "dirk knife" lying on the transmission hump of the car on the front floorboard and observed that this knife was obscured, "kind of stuck under the dash."
After observing the knives, Officer Henderson placed Holmes and Mason under arrest. They were both advised of their Miranda rights and thereafter the officers requested to search the trunk of the car. Holmes responded in the affirmative to their request. Holmes also advised the officers that the contents of the car were "either my mother's or my brother's."
In addition to searching the trunk of the car, Officer Butch Disalvo took a photograph of the interior of the automobile. The photograph demonstrated the true position of the machete and the dirk knife.
At trial, Holmes and his mother, Mrs. Eva Booker, both testified on direct and cross-examination that on the day of the incident, Holmes and his friend, Mason, used a machete and a dirk knife to cut limbs and clear storm debris from Mrs. Booker's yard. Having hitchhiked to Mrs. Booker's house, Holmes was allowed to take his brother's car in order to have transportation. A primary fact in connection with the car was Mrs. Booker's testimony that Mason, Holmes' friend, placed the two knives in the automobile. Mason did not testify at trial, despite the fact that he was named as a witness by the state in their list of witnesses on the indictment charging the appellant with the crime.
Of great significance to the ultimate outcome of this case was the state's written motion in limine. This motion was brought to the trial court's attention and sustained before the trial began. The motion requested that the defense refrain from comment regarding the possible sentence the defendant might receive and that the defense refrain from comment on the state's failure to call witnesses who were equally available to the state as well as to the defense. Despite this motion, the prosecuting attorney, during his closing argument, exclaimed aloud, "Mr. Mason, his good friend. Have you heard from him?" The defense immediately objected to this comment and moved for a mistrial; however, the trial judge, sustaining the objection, refused to grant the motion for mistrial. The jury was not admonished to disregard the prosecutor's remarks.
The Trial Court Committed Reversible Error in Failing to Grant Defendant's Motion for a Mistrial Following Inflammatory and Prejudicial Comments Made by the Prosecuting Attorney.
In addressing this assignment of error, counsel for Mr. Holmes directs this Court's attention to the closing argument of the assistant district attorney, Mr. Cox. A pertinent portion of Mr. Cox's testimony is as follows:
Mr. Cox: ... here you have a five-time convicted felon up here wanting you to believe his story; "I didn't know they were there. I didn't put them there. They were Mr. Mason's, my good friend's; Mr. Mason, his good friend. Have you heard from him?"
Mr. Meeks: Objection, your Honor. I move for a mistrial.
The Court: Sustain the objection. Motion for mistrial is overruled.
[emphasis added]
Counsel urges that the assistant district attorney's comment on the failure of the witness to testify is a violation of the ruling by the court in the state's motion in limine. More specifically, counsel for Holmes points out that the state sought a motion in limine to prevent the defense from commenting on the failure of the state to call a witness equally accessible to both the state and the defense.
In support of this argument, Holmes cites Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946). In Brown this Court *884 stated that the failure of either party to examine a witness equally accessible to both parties is not a proper subject for comment before a jury. See also Madlock v. State, 440 So.2d 315 (1983); Morgan v. State, 388 So.2d 495 (Miss. 1980); Phillips v. State, 183 So.2d 908 (Miss. 1966). Applying the reasoning in Brown, as well as these other cases, counsel for Holmes urges that the prosecution's remarks "etched into the minds of the jurors the impression that Matt Mason, the so-called good friend, would not, in fact, corroborate the defendant's statements."
While the state admits arguendo that the prosecutor's remarks were error, counsel submits "that any alleged harm which may have resulted from the comment `have you heard from him?' was cured by the general instructions given to the jury by the trial court." Instruction number C-1, which had been given by the court prior to oral argument and before the comment was made by the prosecutor, reads in pertinent part as follows:
Arguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark.
The state urges that these words remove any alleged harm or prejudice from the minds of the jury in regard to the prosecution's comment. See also Carroll v. State, 391 So.2d 1000, 1002 (Miss. 1980), Forrest v. State, 352 So.2d 1328 (Miss. 1977), Herron v. State, 287 So.2d 759 (Miss. 1974), Myrick v. State, 290 So.2d 259 (Miss. 1974) ("where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, remedial acts of the court are usually deemed sufficient to remove any prejudicial effect from the minds of the jury").
In addition to the defense of proper instruction of the jury, the state urges that some errors at the trial level are to be considered harmless. Two rules are applicable in determining harmless error. The first rule is set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This standard applies only to error which effects federal constitutional rights. Building on this argument, counsel for the state points out that the rights of the appellant (Holmes) were not violated by the prosecutor's remarks. More specifically, the state contends that the appellant's Sixth Amendment right to call and confront witnesses and his due process rights defined by the Fourteenth Amendment were not in jeopardy.
Turning from the standards set out in Chapman, the state urges that Rule 11,[1] Rules of Mississippi Supreme Court, is the controlling standard in this case. The U.S. Supreme Court in Chapman writes, "The application of a state harmless error is, of course, a state question where it involves only errors of state procedures or state law." Id. 386 U.S. at 21, 87 S.Ct. at 826. Rule 11 states, "No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."
Applying the reasoning in Rule 11 to the case at bar, the state points out that Holmes was charged with carrying a deadly weapon after a conviction of a felony. The state argues that the record reveals proof of Mr. Holmes' previous crimes. In *885 addition to the proof of these crimes, the state urges that it overwhelmingly established that the appellant was indeed carrying a deadly weapon. Based on this evidence, the state asserts there was no miscarriage of justice in this case.
Reviewing both arguments, this Court is unpersuaded by the state's argument. We would point out that Instruction C-1 was read by the court to the jury before oral arguments began. Two oral arguments ensued prior to the comments by the prosecutor in this case. We cannot visualize any real curing effect the court's instruction prior to oral arguments may have had upon this unfortunate comment by the prosecutor in closing argument upon the defense's failure to call appellant's "good friend" Mason.
This Court further finds the reasoning set out in Brown v. State, supra, is controlling in this case. Brown and its progeny (Madlock v. State, 440 So.2d 315 [Miss. 1983]; Morgan v. State, 388 So.2d 495 [Miss. 1980]; Phillips v. State, 183 So.2d 908 [Miss. 1966]) stand for the proposition that the failure of either party to examine a witness equally accessible to both parties is not a proper subject for comment before a jury.
Applying this reasoning to the facts at hand, one might readily contend that the prosecutor's comment, "Mr. Mason, his good friend. Have you heard from him?", was clearly unacceptable behavior and reversible error per Brown.
In this case, the state sought and obtained a motion in limine. One purpose of this motion was to prevent the defense from commenting on "the failure of the state to call witnesses that are equally available to the state as well as to the defendant." The lower court sustained the motion in limine. Despite the state's own motion and the subsequent sustaining thereof, the prosecuting attorney in his closing statement violated the standard which the state requested the court to establish. This Court can find no justification in the prosecution's procedure. In Madlock v. State, 440 So.2d 315 (Miss. 1983), this Court faced a situation similar to the case at bar. More precisely, the witness in Madlock, similar to the witness in this case, was equally accessible to both parties. This Court, elaborating on this topic, stated:
Rosemary Petty was equally accessible to be subpoenaed as a witness by both the state and the appellant. In fact, as she was the deceased's common law wife and bore his name, this would tend to make her more accessible to the prosecution. Regardless of this, there is no proof in the record as to her accessibility or inaccessibility. We have held that particularly in criminal law, the failure to call a witness equally accessible to both the defendant and the state is not a proper subject for comment by either party.

Id. at 318. The Madlock court went on to hold:
Because of the prejudicial and erroneously vigorous statements of the prosecuting attorney in his final arguments and the lower court's overruling appellant's objection thereto, we are forced to reverse the cause and remand for another trial.
Id. Applying the holding in Madlock to the facts in this case, the Court points out that Mr. Cox blatantly commented on the failure of the defense to call Mr. Mason. This Court submits that these actions amount to prejudicial error. This error is obviously a denial of the appellant's rights as supported by our existing caselaw. Following the holding in Madlock, this Court has no alternative but to reverse and remand for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] Rule 11 was repealed on January 1, 1988. Rule 1 comment of the Mississippi Supreme Court Rules, effective January 1, 1988, states:

These rules will take effect on January 1, 1988, and will govern all proceedings in appeals and other proceedings subsequently brought and all such proceedings then pending, except to the extent that in the opinion of the Court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be followed. All statutes, other sets of rules, orders, or decisions in conflict with these rules will otherwise be of no further force or effect. These rules will only operate prospectively. They will not be construed to invalidate any action properly taken under previous rules prior to the effective date of these rules.
See also Order adopting Supreme Court Rules.