# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-KA-00908-SCT

*JAMES MICHAEL HOLLINGSWORTH a/k/a*
*JAMES HOLLINGSWORTH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2024 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | JOHN K. BRAMLETT, JR. |
| | SCOTT E. ROGILLIO |
| | WILLIAM ANDY SUMRALL |
| | ASHLEY RIDDLE ALLEN |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | STACY L. FERRARO |
| | W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/08/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A Madison County jury convicted James Hollingsworth for possession of methamphetamine. Hollingsworth appeals his conviction and argues that, in the State's closing argument, the prosecutor improperly commented on the fact that he did not call a witness who was equally available to both parties. Hollingsworth failed to make a contemporaneous objection at trial, so we review the issue for plain error.

¶2.     We hold that the prosecutor's statement was not error, let alone plain error, because the witness was available to both parties but was more accessible to Hollingsworth than to the State.  Thus, we affirm Hollingsworth's conviction and sentence.

## FACTS

¶3.     On November 8, 2022, Officer Jason Laxer performed a traffic stop of Hollingsworth's vehicle for a window tint violation.  A family friend of Hollingsworth's sister, Loretta Lynn Jones, was driving Hollingsworth's vehicle.  During the stop, Officer Laxer noticed Hollingsworth, who was in the passenger's seat, exhibiting behavior consistent with narcotics use.  Officer Laxer removed Hollingsworth from the vehicle and searched it.

¶4.     Before Officer Laxer searched the vehicle, Hollingsworth informed him that he had prescribed Adderall in his bag located in the front seat of the vehicle, which Officer Laxer noted was between Hollingsworth's legs when he initially approached the vehicle.  While searching the bag's pocket, Officer Laxer discovered what he believed to be crystal methamphetamine in a folded piece of paper, as well as a used methamphetamine pipe.  Officer Laxer arrested Hollingsworth.  Jones left the scene in Hollingsworth's vehicle.

¶5.     Thereafter, the grand jury indicted Hollingsworth for the possession of one-tenth to two grams of methamphetamine.  He was tried on June 17, 2024.  At trial, Officer Laxer testified regarding the stop, and Archie Nichols from the state crime laboratory testified that the substance tested was 0.36 grams of methamphetamine.  At the conclusion of the State's case-in-chief, Hollingsworth moved for a directed verdict, which the trial court denied.

¶6.     The defense then called Hollingsworth as its only witness.  Hollingsworth testified

2

that when Officer Laxer stopped them, Jones was driving him to see his parole officer and then to the hospital because he was ill. He stated that he did not know Jones well but that she was a good friend of his sister's daughter-in-law. He acknowledged that, if needed, his sister and her family could get in contact with Jones. Throughout his testimony, Hollingsworth continually maintained that the methamphetamine did not belong to him.

¶7.     Pertinent to the current appeal, in the State's closing argument, the prosecutor commented on the fact that Hollingsworth attempted to blame the presence of methamphetamine on Officer Laxer or Jones, and the State highlighted the fact that Hollingsworth failed to call Jones as a witness. The prosecutor stated:

> Loretta Lynn Jones -- I don't know Loretta Lynn Jones, but you know who knows Loretta Lynn Jones? The defendant. And if I'm driving somebody out of the goodness of my heart to the hospital and to their probation officer and I plant methamphetamine on them and they -- we could get her up here, right? There are legal ways to do that. You can serve them with a subpoena. Get her up here. Put her under oath and say, "Did you have methamphetamine that day?" You heard the officer say, "If she had a meth pipe in her purse, I would have arrested her. That is what I do." And, yet, there has been no mention of Loretta Lynn Jones who lives at [witness's home address]. It's right around here.

¶8.     The jury found Hollingsworth guilty, and the trial court sentenced him to six years in the custody of the Mississippi Department of Corrections as a subsequent drug offender and habitual offender. Subsequently, Hollingsworth moved for a judgment notwithstanding the verdict or, alternatively, a new trial, and the trial court denied the motion. Hollingsworth appealed.

## DISCUSSION

**Whether the State improperly commented on Hollingsworth's failure to**

3

**call a witness.**

¶9.    Hollingsworth raises only one issue on appeal: that the prosecutor improperly commented on Hollingsworth's failure to call Jones as a witness.  Hollingsworth concedes that he failed to object to the prosecutor's statement at trial, so the Court reviews the issue for plain error.  While he acknowledges that such a statement is often deemed harmless error, he claims that here, the statement was prejudicial since the evidence did not overwhelmingly weigh in favor of the State.  Thus, he requests that the Court reverse his conviction and sentence.

¶10.    The State emphasizes that Hollingsworth failed to contemporaneously object to the statement, and it argues that Hollingsworth cannot overcome the procedural bar by showing that the statement was "so inflammatory that the trial judge should have objected on her own motion." *O'Connor v. State*, 120 So. 3d 390, 399 (¶ 26) (Miss. 2013) (citing *Spicer v. State*, 921 So. 2d 292, 317 (Miss. 2006), *abrogated by O'Connor*, 120 So. 3d at 400-01; *Payton v. State*, 785 So. 2d 267, 270 (Miss. 1999); *Gray v. State*, 487 So. 2d 1304, 1312 (Miss. 1986); *Griffin v. State*, 292 So. 2d 159, 164 (Miss. 1974)).

¶11.    Because Hollingsworth failed to contemporaneously object to the prosecutor's statement in order to preserve it for appeal, we must review the issue for plain error. *McCollum v. State*, 372 So. 3d 980, 985-86 (¶ 17) (Miss. 2023).  Appellate courts will review for error under the plain-error analysis based on their longstanding principle that the court "will not find a trial judge in error on a matter that was not first presented to the trial judge for decision." *Id.* at 986 (citing *Taylor v. State*, 330 So. 3d 758, 769 (¶ 26) (Miss.

4

2021)).  In determining whether plain error occurred

> we consider: (1) whether there was an error; (2) that adversely affected a
> defendant's substantive rights, causing a manifest miscarriage of justice. For
> the plain-error doctrine to apply, there must have been an error that resulted in
> a manifest miscarriage of justice or seriously affects the fairness, integrity or
> public reputation of judicial proceedings.

*Id.* (internal quotation mark omitted) (quoting *Johnson v. State*, 290 So. 3d 1232, 1240 (¶

34) (Miss. 2020)).  Further, prejudice is typically not found when the weight of the evidence

against the defendant is overwhelming.  *Id.* (quoting *Hall v. State*, 201 So. 3d 424, 428 (¶

12) (Miss. 2016)).

¶12.    It is improper for either party to comment on the other party's failure to examine a

witness who is equally accessible to both.  *Harrelson v. State*, 415 So. 3d 622, 628 (¶ 17)

(Miss. 2025).  The rule, however, "[does] not apply where a witness, while technically

accessible to both parties, stood more available to the complaining party." *Ross v. State*, 603

So. 2d 857, 864 (Miss. 1992) (citing *Brown v. State*, 200 Miss. 881, 27 So. 2d 838, 841

(1946)).  The State is entitled to comment on a party's failure to call a witness "[w]here [the]

defendant fails to call a witness more available to him and presumptively in a closer

relationship with him[.]"  *Id.*  A witness is not described as "equally available" to both

parties simply because either party could subpoena the witness.  *Id.* (citing *Brown*, 27 So.

2d at 841).

¶13.    We acknowledge that Jones was technically accessible to both Hollingsworth and the

State, but Jones was more available to Hollingsworth through her relationship with his

sister's family.  The mere fact that the State could have subpoenaed Jones does not render

her an equally available witness. Thus, we conclude that it was not error, much less plain error, for the prosecutor to comment on Hollingsworth's failure to call Jones as a witness.

## CONCLUSION

¶14.    The Court affirms Hollingsworth's conviction and sentence.

¶15.    **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**