# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-00847-SCT

*RODNEY WAYNE MANLEY a/k/a JAMES MILLS a/k/a*
*RODNEY MILLS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/10/94 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/17/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On February 13, 1984, with the representation of counsel, Rodney Wayne Manley A/K/A James Mills A/K/A Rodney Mills "informed the State of Mississippi that he desire[d] to waive indictment, and to enter a plea of Guilty. . ." for the murder of Laurie Martin. Thereafter, Circuit Judge John Ellis signed an order stating that Manley had properly waived his rights and plead guilty. The trial court then sentenced Manley to life in prison which was to be served consecutively with an Alabama life imprisonment. On July 27, 1994, Manley filed a pro se Motion to Vacate Conviction and Sentence asserting that his guilty plea was not knowingly, intelligently, and voluntarily entered, was not advised of the maximum and minimum potential penalties, nor was he advised of his right to a trial by jury. Furthermore, Manley asserted that he was denied effective assistance of counsel.

This Court finds no merits to Manley's assertions of error, and therefore, his motion is denied, and the lower court's decision is affirmed.

**Miss. Code Ann.** § 99-39-5 (1994), provides post conviction relief to "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims . . . . [t]hat his plea was made involuntarily." **Miss. Code Ann.** § 99-39-5 (1994). The statute continues in relevant part, stating;

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or *in case of a guilty plea, within three (3) years after entry of the judgment of conviction. . . .*

*Id.* Individuals "who entered a plea of guilty prior to April 17, 1984, '. . . have three (3) years from April 17, 1984, [the date of enactment of the uniform post conviction relief act] to file their petition for post-conviction relief.'" *Patterson v. State*, 594 So. 2d 606, 607 (Miss. 1992)(citing *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986)). Since Manley was convicted prior to April 17, 1984, the deadline for post-conviction relief was April 17, 1987. Manley filed his application on July 27, 1994, more than seven years too late. Therefore, Manley's petition is clearly procedurally barred.

Even if this petition was not procedurally barred, this Court would find no merit to Manley's other assertions of errors. The defendant failed to designate into the record the transcript from the hearing where Manley plead guilty; therefore, this Court cannot even look in search of other possible errors. As stated in *Ross v. State*, 603 So. 2d 857, 861 (Miss. 1992):

> [t]he rule of law requires that, through the record, the appellant must establish any facts underlying a claim of error. This Court cannot review an allegation of error without having before it a reviewable record; nor can this Court rely on assertions of fact in an appellant's brief.

*Ross*, 603 So. 2d at 861. Furthermore, as stated in Justice McRae's dissent in *Dillon v. State*, 641 So. 2d 1223, 1225 (Miss. 1994)(McRae dissenting):

> "[t]his Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record. . . . [i]t is an appellant's duty, regardless if he brings an appeal pro se or through counsel to justify his arguments of error with a proper record, and if he does not, it is presumed that the trial court was correct in its ruling."

*Dillon*, 641 So. 2d at 1225 (McRae dissenting).

This Court further finds no merit in the defendant's assertion that he was denied effective assistance of counsel in his plea bargain proceedings. The defendant was well represented by counsel at all times during the plea bargain proceedings. This Court applies the *Strickland* test in reviewing claims of ineffective assistance of counsel. This test is twofold and measures whether defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence, and if so, was the defendant prejudiced by the failure to meet this standard? *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As stated in *Bevill v. State*, 669 So. 2d 14, 17 (Miss.

1996), that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars. . . .[h]owever, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." *Bevill*, 669 So. 2d at 17. Manley fails to assert any proper proof or evidence of ineffective assistance; therefore, the presumption of sufficiency of counsel stands.

Manley's petition is clearly procedurally barred. His failure to petition this Court until seven years after the time bar ran is clearly fatal to his claim. Furthermore, even if his petition was not time barred, Manley's failure to properly designate the transcript of the plea-bargain hearing results in Manley presenting no proof or evidence sufficient to establish involuntariness of ineffectiveness of assistance of counsel.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**