603 So.2d 857 (1992)
Sammy Joe ROSS
v.
STATE of Mississippi.
No. 89-KA-0947.
Supreme Court of Mississippi.
June 17, 1992.
Rehearing Denied July 22, 1992.
*859 Joseph C. Langston, Langston Langston Michael & Bowen, Booneville, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
This burglary case arose on the appeal of Sammy Joe Ross from the judgment of the Circuit Court of Tippah County resulting in a 15-year sentence, as an habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1988), which raises the following nine issues:
A. Whether the trial court erred in not quashing the indictment.
B. Whether the trial court erred in overruling the appellant's motion to dismiss based upon violation of the Mississippi 270-day rule, and upon violation of the appellant's constitutional right to a speedy trial.
C. Whether the trial court erred in allowing the state to call witnesses in Cause No. 5634 when no discovery was tendered to the appellant on that cause number.
D. Whether the trial court erred in allowing the in-court identification of the appellant after an illegal out-of-court lineup.
E. Whether the trial court erred in allowing photographic evidence of the appellant taken five months after the alleged crime was perpetrated.
F. Whether the trial court erred by allowing the prosecutor to comment in closing argument on the appellant's failure to call other witnesses whom either side could have called.
G. Whether the trial court erred in not granting a directed verdict at the end of the state's case and the renewal of the said motion at the end of the trial upon the issue of burglary as in the elements thereof having not been met by the proof given.
H. Whether the trial court erred in refusing to grant instruction D-4 on the lesser-included offense of simple assault.
None of the above issues warrant reversal of Ross's conviction. This Court affirms the appellant's conviction and sentence.

A. Facts
Johnson[1], a high-school student, lived with her grandfather on a dead-end, dirt road in Tippah County. On May 26, 1987, as Johnson talked with an acquaintance at the door, she saw a white pick-up truck drive by towards the end of the road. She watched the truck drive down the road. The acquaintance left, and Johnson started a load of laundry and prepared to mop. Five minutes later, at about 3:15 in the afternoon, Ross knocked on her door. Johnson answered, opening the wooden door and pushing the screen door partially open. Ross stood on the porch about two feet from Johnson, claiming to need directions to the house of a family who might help him find his lost dogs.
*860 Johnson told Ross that she did not know the family, at which point he grabbed her upper arm and, displaying a gun, forced her into the living room near the sofa. Some light came through the closed window curtains and the front door remained open. Johnson had turned the kitchen and bathroom lights on, and could plainly see. She stated, "I can't forget his face."
Ross ordered Johnson to remove her shorts and top. She repeatedly pleaded with him, "Don't do this." Ross aimed his gun at Johnson's chest as she undressed. Johnson "was just scared," thinking that Ross would rape and kill her. She agreed, on cross-examination, that she cried and felt "scared to death." Johnson told Ross that her grandfather would be home. Ross again grabbed her arm, forced her to sit down, threatened to shoot her if she stood, and backed toward the door.
After Ross turned at the door and fled to his truck, Johnson, naked, crawled to the window. She could see his new, white, Ford pick-up truck but could not identify the tag number. She could, however, describe Ross in detail.

B. Procedural History
On October 31, 1988, a Tippah County grand jury indicted Sammy Joe Ross for burglary of an inhabited dwelling, pursuant to section 97-17-21 of the Mississippi Code, and as a habitual offender, pursuant to section 99-19-81 of the Mississippi Code. The indictment cited, as previous convictions, a life sentence for rape in Tippah County cause number 5568, a 10-year sentence for attempted rape in Prentiss County cause number 9609, and a 10-year sentence for attempted rape in Union County cause number 6202, all handed down between June and October of 1988.[2]

II. ANALYSIS

A. Whether the trial court erred in not quashing the indictment.
On October 31, 1988, the Tippah County grand jury indicted Ross for burglary of an inhabited dwelling, presenting in the true-bill:
That Sammy Joe Ross ... did ... unlawfully, willfully, feloniously and burglariously break and enter the dwelling house of ... Johnson ... in which there was at the time a human being, namely . .. Johnson, when he, the said Sammy Joe Ross, had there and then, the intent to commit some crime therein once inside, to-wit to make an assault upon the said ... Johnson and to rape, ravish and carnally know ... Johnson, against her will, in violation of the provisions of Section 97-17-21 of the Mississippi Code of 1972... .
Ross did not move in writing to quash the indictment, but did so move ore tenus before trial began. In his motion to quash, Ross claimed that the state had handled the scheduling of Ross's trials in an improper manner. The court denied the motion. In his motion for new trial, Ross merely alleged: "The Court erred in refusing to quash the indictment for good cause shown." In this appeal, Ross raises entirely new challenges to his indictment.
*861 Under Mississippi law, if an appellant raises for review an issue not raised in the pleadings, transcript, or rulings, the appellant must have preserved the issue by raising it in a motion for new trial. Miss. Code Ann. § 9-13-31; Jackson v. State, 423 So.2d 129, 131-32 (Miss. 1982) (citing Colson v. Sims, 220 So.2d 345, 346 n. 1 (Miss. 1969)); see also Griffin v. State, 495 So.2d 1352, 1353 (Miss. 1986). The rationale for this rule is based on the policy of giving the trial judge, prior to appellate review, the opportunity to consider the alleged error. Cooper v. Lawson, 264 So.2d 890, 891 (Miss. 1972); see also Howard v. State, 507 So.2d 58, 63 (Miss. 1987).
In this case, while Ross made an ore tenus pretrial motion to quash, he alleged none of the grounds presented here for review. In his motion for new trial, he alleged none of the grounds presented here for review. The trial court, therefore, has never had the opportunity to pass on its alleged errors. As a consequence, this issue has not been preserved for appeal and warrants no consideration by this Court.

B. Whether the trial court erred in overruling the appellant's motion to dismiss based upon violation of the Mississippi 270-day rule, and upon violation of the appellant's constitutional right to a speedy trial.
Ross asserts in his brief that the Tippah County grand jury previously presented him with a different indictment for the same crime. Ross alleges that, when this previous indictment figures into a speedy trial calculation, the state has violated his right to a speedy trial and has re-indicted in order to preserve a cause on which the clock had already run. In his brief, Ross states:
[A]t the time the new indictment was sought by the prosecution, ... the 270 days had run since the request of the defendant for a speedy trial. The prosecution sought, by way of a new indictment, to circumvent, the prohibition from bringing Ross to trial under Cause No. 5567... . The prosecution should not be able to do indirectly what they were prohibited to do directly, i.e. trying the defendant on this charge after the expiration of the time in which a defendant must be brought to trial.
The record in this case reveals that, before trial, Ross moved to dismiss for failure to timely prosecute. Ross argued that the same crime as the one at hand led to a charge of attempted rape in Tippah County cause number 5567. Ross's attorney alleged that the prior indictment remained on the docket. The court denied the motion to dismiss.
The rule of law requires that, through the record, the appellant must establish any facts underlying a claim of error. This Court cannot review an allegation of error without having before it a reviewable record; nor can this Court cannot rely on assertions of fact in an appellant's brief. Collins v. State, 594 So.2d 29 (Miss. 1992); Mason v. State, 440 So.2d 318, 319 (Miss. 1983); Branch v. State, 347 So.2d 957, 958-59 (Miss. 1977).
Under the law of this state, Ross has utterly failed to present this court with a record for review on this issue. The record provides no certified documents revealing whether the alleged previous indictment arose from the same crime. More importantly, the record provides no certified documents detailing the circumstances of continuances prior to the instant indictment. Ross attempts to support his speedy trial claim by attaching to his brief an uncertified copy of a docket sheet from a previous indictment. This Court cannot accept "evidence" asserted in or attached to a brief. Ross has provided the Court with nothing to review on this issue.

C. Whether the trial court erred in allowing the state to call witnesses in Cause No. 5634 when no discovery was tendered to the appellant on that cause number.
Ross alleges that the state committed a discovery violation when it provided him with discovery catalogued under the cause number for a different indictment arising out of the same occurrence. Ross frames the error as "whether or not the *862 prosecution has the duty to inform the attorney for the Defendant not only the information given but which case it applies to."
On the record, defense counsel explained Ross's objection to the court. Counsel described how the same set of events led to two indictments, one numbered 5567 and the other, the instant case, numbered 5634. Counsel asserted that, when it requested discovery in the instant case, the state sent a file marked "5567" instead of "5634," which counsel alleged violated discovery rule 4.06.
The court addressed Ross:
[T]he court is having extreme difficulty in understanding any allegation of surprise, which is, I understand, the basis for a motion such as this on a discovery violation, if in fact there is one. So as I understand the case law, are you telling me you need some time to confer with this witness, or you need a continuance, what are you telling me?"
Ross, through counsel, responded by urging that the state be prohibited from calling the victim as a witness, since her name had technically not been provided under the proper cause number. The court again offered to delay the proceedings "in an abundance of caution." Defense counsel responded by admitting:
Your Honor, we are not alleging surprise. I want to be candid with the court. As the court well knows, I have been arguing the two cause number interchangeably throughout the hearings on the motion, however, I do want to make my record on the technical 4.06 violation.
The court denied Ross's motion.
At the time of this trial, the applicable rule for examining a 4.06 discovery violation came from the case of Box v. State, 437 So.2d 19, 22-26 (Miss. 1983) (Robertson, J. specially concurring); see also Miss.Unif.Crim.R. of Cir.Ct.Prac. 4.06(i) (codifying the Box guidelines). The Box procedure serves to avoid unfair surprise. 437 So.2d at 24. As later articulated, the rule states:
1. Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2. If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.

3. If the defendant does request a continuance, the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
Holland v. State, 587 So.2d 848, 866-67 (Miss. 1991) (en banc) (WESTLAW, MS-CS file, No. 178413) (emphasis added); Cole v. State, 525 So.2d 365, 367-68 (Miss. 1987) (en banc), cert. denied, Cole v. Mississippi, 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 348 (1988), reh'g denied, 488 U.S. 1023, 109 S.Ct. 826, 102 L.Ed.2d 815 (1989), quoted in Kelly v. State, 553 So.2d 517, 520 (Miss. 1989); Griffin v. State, 504 So.2d 186, 195 (Miss. 1987). In Cole, the Court observed that the defense counsel, after alleging a discovery violation, failed to request a continuance. The Court held: "We will not put the trial court in error for failing to grant relief which was never requested. By failing to request a continuance, Cole waived any violation of Rule 4.06." 525 So.2d at 368. Applying the plain law to the facts, Ross similarly waived this issue by failing to request a continuance.

D. Whether the trial court erred in allowing the in-court identification of the appellant after an illegal out-of-court lineup.
According to Ross, Johnson did not have time to adequately observe her attacker. Ross asserts, "It is agreed that Ms. Johnson was too upset to make reliable observations."
*863 That statement is not true. Further, Ross offers this Court no basis for concluding that the suppressed line-up, conducted without Ross's counsel, tainted Johnson's memory and in-court identification. This issue lacks merit. See Wade v. United States, 388 U.S. 218, 241-242, 87 S.Ct. at 1926, 1940, 18 L.Ed.2d 1149 (United States Supreme Court, remanding, ordered district court to conduct hearing to determine if in-court identification had had source independent of lineup).

E. Whether the trial court erred in allowing photographic evidence of the appellant taken five months after the alleged crime was perpetrated.
Ross contends that photos made in September of him and his truck should not have been admitted as evidence of a crime that occurred the previous May. Further, Ross alleges that the photo of him unfairly and prejudicially communicated to the jury that Ross had appeared in a line-up.
During complainant Johnson's testimony, she identified a photograph of a truck as looking like the truck she saw her attacker driving. The state, without opposition, offered the photograph as an exhibit. At trial, the state put on testimony from Bill Edwards, who in 1987 served as deputy sheriff and investigator in the Union County Sheriff's Department. Edwards properly identified the photograph of the truck and the owners of the truck as Sammy J. and Vicky Ross.
Edwards also identified a photograph he had taken of Ross on September 16, 1987. The photograph depicts Ross in street clothes, full-length, standing in profile. The photograph shows Ross's curly hair, very short beard and moustache, and large stomach. Ross objected to the photos on relevancy grounds, since Edwards took the photos approximately four months after the attack on Johnson. The court overruled the objection.
Ross did not preserve for review any objection to the introduction of the photograph of his truck. He made no objection at trial, nor did he object in his motion for new trial. Thus, Ross has failed to properly bring the alleged error before this Court. See Jackson v. State, 423 So.2d 129, 131 (Miss. 1982); Miss. R.Evid. 103(a)(1) (to allege error in admission of evidence, party must specify the ground for objection on the record); Miss. Code Ann. § 9-13-33 (1972).
Similarly, Ross did not object at trial or in a motion for new trial to the alleged prejudice arising out of the photograph of him. Thus, this complaint, in which he alleges that the photograph of him in profile constitutes an impermissible "mug shot" pose, has not been preserved for review.
Ross did object to the relevancy of the photo of him. Because he made an objection at trial, he properly presents the issue for review. See Carmichael v. Agur Realty Co., Inc., 574 So.2d 603, 613 (Miss. 1990); Jackson, 423 So.2d at 131.
The admission of photographs as evidence rests in the trial judge's discretion. This Court will uphold the trial court's ruling unless the appellant proves an abuse of discretion. Sudduth v. State, 562 So.2d 67, 69 (Miss. 1990); Davis v. State, 551 So.2d 165, 173 (Miss. 1989), cert. denied, Davis v. Mississippi, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 797 (1990).
Under this state's rules of evidence, the impermissible admission of evidence constitutes error only where the admission affected "a substantial right of the party." Miss.R.Evid. 103(a). The Court has upheld the admission of photos of the accused where the photo comports with the description of the accused at the time of the incident. Dozier v. State, 257 So.2d 857, 860 (Miss. 1972). Even "mug shot" photos may be admitted, when necessary, provided they do not bear identifying marks indicating that the subject has a prior record. Sloan v. State, 437 So.2d 16, 18 (Miss. 1983).
Upon examination, Ross's complaint of error in the introduction of the photo of him bears no merit. Ross's contention in closing argument and on appeal that Johnson's hysteria clouded her memory contradicts *864 his allegation of error here. If Johnson's memory is at issue, the photograph serves to demonstrate to the jury that her description fits Ross, the man depicted. This issue presents no ground for reversal.

F. Whether the trial court erred by allowing the prosecutor to comment in closing argument on the appellant's failure to call other witnesses whom either side could have called.
Appellant Ross contends that the prosecutor prejudicially referred to Ross's failure to call corroborating alibi witnesses and that the trial court erred in not admonishing the jury to disregard the remarks.
Defendant Ross testified that, on May 26, 1987, Robertson, an employee of his, met him at his home at about 5:00 a.m. They left together to meet the rest of Ross's brick-masonry crew at a restaurant. When the full crew did not arrive, Ross went fishing with his brother, Ricky, and employee Robertson for several hours. They stopped at a grocery store. The grocery store owner, with some inconsistencies between his testimony and Ross's, testified that the three stopped at 3:00 p.m. and stayed for about a half-hour. Somewhere between 4:00 and 5:00 p.m., Ross and Robertson returned to Ross's home. Ross's wife testified that Ross and Robertson brought home a bucket of fish.
During closing arguments, the prosecutor stated to the jury:
All we heard from [defendant Ross] on the alibi besides the defendant himself was people either saw him once or twice that day. [His wife] saw him maybe at five [a.m.], or whenever he left, realized that he left, and saw him back at four [p.m.]... . We didn't hear anything about that, he was fishing all day, from any other witness except him. We didn't hear about the fishing from the brother, or the Johnson [sic].
The defense objected, "[H]e has subpoena right, he could have called him." The trial court responded, "This is argument. Any statement, argument, or remark that's not in evidence can be disregarded."
On this issue, Brown v. State, 200 Miss. 881, 27 So.2d 838, 840 (1946) (en banc) carried forward in Mississippi law the rule that "the failure of either party to examine a witness equally accessible to both parties is not a proper subject for comment before a jury." Madlock added the corollary that, when the record provides no proof of the absent witness's accessibility or inaccessibility, this Court nonetheless presumes that both parties had equal access to the witness. Madlock v. State, 440 So.2d 315, 318 (Miss. 1983). See also Holmes v. State, 537 So.2d 882 (Miss. 1988).
The concept of "equal" accessibility constitutes a crucial concept in applying this rule. In the 1946 Brown case, this Court held that the rule barring comment did not apply where a witness, while technically accessible to both parties, stood more available to the complaining party. Brown, 200 Miss. at 888-89, 27 So.2d at 841. Where a defendant fails to call a witness more available to him and presumptively in a closer relationship with him, the state is fully entitled to comment on the party's failure to call the witness. Id. In Brown, the Court approvingly cited the Supreme Court of Missouri, in which that court reasoned that the mere fact that both parties could subpoena witness did not make the witness equally available to them. Brown, 200 Miss. at 889-90, 27 So.2d at 841.
Ross's allegation of error here fails. The rule of equal availability does not apply to these facts because one referred-to witness, Ricky Ross, is Ross's brother. Under the Brown rule, the state had every entitlement to comment on the absence of testimony from Ross's brother that his brother had fished with him all day. Given this alibi and Ross's relation to the absent witness, the state appropriately argued the logical inference that, but for Ricky Ross's inability to corroborate his defendant brother's testimony, he would have taken the stand. The fact that the state could have subpoened Ricky Ross is irrelevant. By the reasoning in Brown, Ross's brother stood in a "community of personal interest" with Ross such that he cannot be *865 considered to have been equally available to the state.
The other witness to whom the prosecutor referred, "Johnson," poses a bit of a mystery. The only Johnson of record is the complainant. Ross, in his brief and without record support, asserts that the state had listed one "Jeff Johnson" on its list of witnesses. (A'nt Brf. 21). Based on the record, it seems more likely that "or the Johnson" constitutes a prosecutorial slip of the tongue, and that the prosecutor meant to refer to Robertson, Ross's employee who allegedly spent the day fishing, too.
The jury may have understood the prosecutor to mean the complainant. This would constitute harmless error, since complainant Johnson obviously had already contradicted Ross's testimony. The Court holds that this assignment presents no reversible error.

G. Whether the trial court erred in not granting a directed verdict at the end of the state's case and the renewal of the said motion at the end of the trial upon the issue of burglary as in the elements thereof having not been met by the proof given.
Ross contends that, because the evidence showed that Johnson opened the door to her home, he could not have committed the act of breaking and entering. Ross also argues that the state failed to prove his intent to commit a crime "since he entered, made a demand, and left."
Review of a directed verdict made at the close of the defendant's case consists of this Court's applying a reasonable-doubt standard to the verdict, while viewing the evidence in a light most favorable to the verdict. Stever v. State, 503 So.2d 227, 230 (Miss. 1987).
The charge of burglary of an inhabited dwelling arises from the following statute:
Every person who shall be convicted of breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein, either by forcibly bursting or breaking the wall, or an outer door, ... or the lock or bolt of such door, ... or by breaking in in any other manner, ... shall be guilty of burglary... .
Miss. Code Ann. § 97-17-21 (1972) (emphasis added); see also Ashley v. State, 538 So.2d 1181, 1183 (Miss. 1989) (en banc) (burglary's two elements are breaking and entering and intent to commit crime once entry has been gained). Any slight act of force may constitute "breaking." Branning v. State, 222 So.2d 667, 669 (Miss. 1969). Constructive breaking may occur when a defendant gains entry by becoming violent or threatening violence. Smith v. State, 499 So.2d 750, 752-53 (Miss. 1986).
Based on the elements of burglary, the facts, and this Court's standard of review, Ross's allegation of error has no merit. The evidence proved that Ross brandished a gun, grabbed Johnson's arm, and forced her into her house. These acts constitute "breaking and entering." Either Ross's brandishing of a weapon, (threatening violence), or grabbing and pushing the complainant (actual force), satisfies the element of breaking and entering. It does not matter how much Johnson had opened the door to speak with Ross. She did not let him in. He forced his way in.
Ross urges that the state failed to prove intent because Ross merely "entered, made a demand, and left." Ross did indeed make a demand. He demanded that Johnson undress at gunpoint. He made his intent clear. The fact that he changed his intent before fulfilling it does not change the fact that, at some point, having broken in Johnson's house, he intended to rape her. Thus, he fulfilled the second burglary element, intent to commit a felony. Viewing the evidence in a light most favorable to the verdict, the trial court properly denied Ross's motion for directed verdict.

H. Whether the trial court erred in refusing to grant instruction D-4 on the lesser-included offense of simple assault.
Ross argues that the jury should have been allowed to consider a *866 charge of simple assault as a lesser included offense. Simple assault is not a constituent offense of burglary of a dwelling. Armstead v. State, 503 So.2d 281, 286 (Miss. 1987). To constitute a lesser included or constituent offense, an offense must be "necessarily included" within the greater offense; it may not merely be an inferior but non-included offense. Hailey v. State, 537 So.2d 411, 414 (Miss. 1988) (en banc); Cannaday v. State, 455 So.2d 713, 724 (Miss. 1984), cert. denied, Cannaday v. Mississippi, 469 U.S. 1221, 105 S.Ct. 1209, 84 L.Ed.2d 351 (1985), and Mississippi v. Cannaday, 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 366.
The state chose to charge Ross with burglary; Ross does not have the right to opt for some other, lesser, non-included offense. Because simple assault does not constitute a lesser included offense under burglary, and because the evidence sufficiently supported a jury determination of the burglary charge, Sammy Joe Ross was not entitled to an instruction on simple assault. The burglary charge, as a matter of law, did not permit a simple assault instruction. This issue is devoid of merit.

III. CONCLUSION
Finding no merit to any assigned error, this Court affirms the conviction of burglary and sentence of fifteen years in the Department of Corrections as an habitual offender.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The complainant's name has been changed.
[2] The following table summarizes the status of convictions that Ross has appealed to this Court.

Date of Status and Date
Offense County Cause# Sent. Appeal# of Conviction
------------------------------------------------- -------------
5/26/87 Tippah 5634 15-yr 89-KA-0947 Instant case. Indicted
 Burglary as habitual. (2/10/89)
9/16/87 Union 6202 10-yr 89-KA-1013 Case submitted on
 Att.rape issues of in-court
 identification,
 impeachment by an
 illegally taken
 statement, and evidence
 of abandonment of
 attempt. (6/23/88)
7/29/87 Tippah 5568 Life 89-KA-0069 Speedy trial.
 Rape (9/29/88)
6/23/87 Prentiss 9609 10-yr 89-KA-0568 Affirmed 2/26/92 in
 Att.rape unpublished opinion.
 (10/27/88)