MYERS, J.,
for the Court.
¶ 1. On July 12, 2002, a trial was held in the Circuit Court of Jones County. The jury found Troy Wolverton guilty of the sale of a controlled substance. He was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections pursuant to Section 41-29-39(b)(1) of the Mississippi Code Annotated with ten years suspended. On August 2, 2002, Wolverton filed this appeal raising the following issues:
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?
II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ALLOWING THE SUBMISSION OF THE STATE’S JURY INSTRUCTION?
III. DID THE APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
STATEMENT OF FACTS
¶ 2. On March 6, 2001, Bounds, an officer with the Laurel Police Department, met with Williams, a confidential informant working with the police department, for the purpose of making a “controlled buy” from Wolverton. Williams contacted Wol-verton and the two men arranged to meet at a gas station.
¶ 3. Before this took place, Williams met with Bounds and other officers. Williams and his automobile were thoroughly searched for money and contraband. He was provided a coat by the police that was fitted with a video camera disguised as a button. Williams was also fitted with an audio device disguised as a beeper. Officer Bounds gave Williams money to purchase the drugs from Wolverton. Then, Bounds, along with other officers from the Laurel Police Department, followed Williams to the designated site.
¶ 4. Williams met Wolverton at the gas station and gave him money. No drugs were transferred at this time. However, Wolverton asked Williams to meet him later at Legion Field, a municipal ballpark located in Laurel. At this second meeting, Wolverton allegedly gave Williams a bag containing a small amount of crack cocaine. Upon receiving the cocaine, Williams drove directly to the location where he had met Bounds and the other officers beforehand. Williams gave Bounds the bag he received from Wolver-ton. Williams and his automobile were again searched thoroughly for money and contraband. He returned the equipment to Officer Bounds and was paid for his services.
¶ 5. On September 13, 2001, Wolverton was indicted for the sale of a controlled substance within 1500 feet of a ball park in violation of Sections 41-29-139(a)(l) and *1076 41-29-142(1) of the Mississippi Code Annotated. On December 21, 2001, Wolver-ton was arraigned and a trial was held on June 12 of the following year. The State called Bounds and Williams to testify. It also called Downey, a forensic scientist with the Mississippi Crime Lab, who testified that the substance was crack cocaine. The trial court denied Wolverton’s motion for a directed verdict. Wolverton did not testify on his own behalf or offer any witnesses. The trial court also denied Wolverton’s requests for a mistrial and the jury returned a verdict of guilty. Feeling aggrieved by this result, Wolverton filed a notice of appeal and a motion for an appeal bond. On August 5, 2002, the trial court issued an order granting Wolverton’s motion and he was released on bond pending this appeal. Finding no error, we affirm.
LEGAL ANALYSIS
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?
¶ 6. Wolverton contends that the verdict was against the overwhelming weight of evidence. He also claims that the evidence presented was insufficient to allow a guilty verdict. Wolverton maintains that' the trial court should have granted his motion for a directed verdict.
¶ 7. The standard of review concerning the sufficiency of evidence is quite limited. Brown v. State, 796 So.2d 223, 225(¶ 6) (Miss.2001) (citing Clayton v. State, 652 So.2d 720, 724 (Miss.1995)). All of the evidence must be considered in the light most consistent with the verdict. Id. In addition, the prosecution is given the benefit of “all favorable inferences that may reasonably be drawn from the evidence.” Clayton, 652 So.2d at 724. This Court “will not reverse unless the evidence with respect to one or more of the elements of the offense charged is such that reasonable and fairminded jurors could only find the accused not guilty.” Brown, 796 So.2d at 225(¶ 6) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)).
¶ 8. Wolverton argues the State did not prove that he sold the cocaine to Williams, the confidential informant. Specifically, Wolverton contends the State failed to prove that Wolverton had knowledge of the transaction and that Wolverton had actual or constructive possession of the cocaine. Wolverton emphasizes the fact that the audiotape never mentions the word “drugs” and the videotape does not show the cocaine ever exchanging hands. In other words, Wolverton argues that it is essentially Williams’s word against his own.
¶ 9. The State argues that it did, in fact, meet the necessary burden of proof. In support of this, the State contends that it presented the unequivocal testimony of Williams which was corroborated by Officer Bounds. The State further argues that Wolverton presented no evidence to the contrary.
¶ 10. It is the duty of the jury to listen to all of the testimony and determine who is a credible witness and whether the evidence supports the crime charged. Bridges v. State, 716 So.2d 614, 617 (¶ 15) (Miss.1998). In addition, it appears from the record that the State presented each element of the crime.
¶ 11. Officer Bounds testified as to the scenario and the use of the confidential informant. He testified as to the procedures followed, establishing location and the chain of custody of the cocaine purchased on the day in question. Williams identified Wolverton in the courtroom and gave a detailed narrative of the transaction. The State also called a scientist from the crime lab who was qualified as an expert in his field. He testified that the *1077 substance presented for testing was, in fact, cocaine.
¶ 12. Accordingly, there was legally sufficient evidence to support each and every element of the crime for which Wolverton was charged. As a result, the trial court was correct in denying Wolverton’s motion for a directed verdict. Furthermore, when viewing all evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court holds that the verdict was not against the overwhelming weight of evidence.
II. DID THE COURT COMMIT REVERSIBLE ERROR IN ALLOWING THE SUBMISSION OF THE STATE’S JURY INSTRUCTION?
¶ 13. Wolverton argues that the trial court committed reversible error in allowing the State’s submission of jury instruction “S-l,” which was a request for the jury to consider finding Wolverton guilty of the sale of a controlled substance as opposed to the charge of “sale of a controlled substance within 1500 feet of a ball field,” which was the charge on which he was indicted. Wolverton claims that the trial court acted improperly in allowing the return of a guilty verdict for a charge other than that of the indictment.
¶ 14. In determining whether error lies in the granting or refusal of a particular jury instruction, “the instructions given must be read as a whole.” Fultz v. State, 822 So.2d 994 (¶ 11) (Miss.Ct.App.2002). If the instruction “fairly announces the law of the case and creates no injustice, [then] no reversible error will be found.” Id.
¶ 15. The trial transcript reveals that Wolverton’s attorney did not object to the State’s jury instruction. Accordingly, this issue is not eligible for our review. Johnson v. State, 768 So.2d 934, 938 (¶ 16) (Miss.Ct.App.2000). In addition, the language “within 1500 feet of a ballpark” is not a substantive element to this offense. Swington v. State, 742 So.2d 1106, 1118 (¶ 45) (Miss.1999). Instead, it relates only to the imposition of an enhanced penalty upon conviction.
¶ 16. In the case, sub judice, Wolverton was sentenced to a twenty-five year term with ten years suspended. The maximum penalty for the sale of the particular amount of cocaine at issue is thirty years. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2001). If the sale takes place within 1500 feet of a ball park, then the court, in its discretion, has the authority to double the sentence allowed under § 41-29-139(b). Miss.Code Ann. § 41-29-142(1) (Rev.2001).
¶17. Since Wolverton received five years less than the maximum allowed for the simple sale of a controlled substance, he was not prejudiced by the omission of the language “within 1500 feet of a ballpark.” In fact, inclusion of that particular language - would only serve to increase Wolverton’s sentence due to the fact that the sale took place at a ball park. Therefore, the trial court did not commit reversible error in allowing the jury instruction.
III. DID THE APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 18. Wolverton raises two arguments concerning the adequacy of his legal representation. First, he contends that he was denied effective assistance because an agreed order substituting counsel was entered only five days before trial. Second, Wolverton contends that he was denied effective assistance of counsel because his attorney failed to object to the State’s jury instruction, S-l.
¶ 19. The standard for review concerning a claim for ineffective assistance of counsel is well settled. The standard was first announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 *1078 L.Ed.2d 674(1984). Mississippi adopted the Strickland standard in Stringer v. State, 454 So.2d 468 (Miss.1984). Under this test, two factors must be shown before counsel can be determined to have been ineffective. Rankin v. State, 636 So.2d 652, 656 (Miss.1994). First, that counsel’s performance was deficient. Id. Second, that the defendant was prejudiced by his counsel’s mistakes. Id. The defendant has the burden of proof on both of these prongs. Id. In addition, there is a strong but rebuttable presumption that counsel’s performance falls within the wide range of reasonable professional assistance. Colenburg v. State, 735 So.2d 1099, 1102-03(¶ 9) (Miss.Ct.App.1999). To overcome this presumption, the defendant must show that but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court. Colenburg, 735 So.2d at 1103(¶ 9).
¶ 20. Wolverton alleges that his attorney, J. Ronald Parish, did not have sufficient time to prepare an adequate defense for trial because he was designated as counsel only five days before the trial began. In his brief, Wolverton alleges that he maintained representation through the public defender’s office almost up until the day of trial. The record, however, does not support this.
¶ 21. On December 21, 2001, at Wolver-ton’s arraignment, he was represented by private counsel. The attorney’s name was Anthony J. Buckley. On June 7, 2002, an agreed order substituting counsel from Buckley to Parish was entered. The stated reason for the substitution was a conflict of interest. On June 12, 2002, a trial was held in which Parish represented Wol-verton.
¶ 22. Wolverton produced no evidence of why his attorney’s representation was deficient. Furthermore, Wolverton produced no evidence why the substitution of counsel prejudiced him. As a result, the substitution of attorneys five days before trial does not result in a denial of effective assistance of counsel.
¶ 23. Wolverton further alleges that he was prejudiced by his attorney’s failure to object to the State’s jury instruction, S-l. Wolverton, however, cannot show that he was prejudiced by his attorney’s failure to object. To the contrary, although the State proved that the sale was completed at a ball park, the result is that Wolverton was convicted of the simple sale of cocaine and received an unenhanced sentence. If Wolverton’s attorney objected to the entry of the instruction, he would have been placing Wolverton in jeopardy of receiving an enhanced sentence which could have resulted in the doubling of the original sentence.
¶ 24. We hold that Wolverton has failed to meet either requirement under Strickland. As a result, Wolverton has failed to rebut the presumption that Parish acted within the wide range of reasonable professional assistance. Wolverton was not denied effective assistance of counsel.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE WITHIN 1500 FEET OF A BALL PARK AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ, CONCUR.