MAXWELL, J.,
for the Court:
¶ 1. Raco Pearson challenges his conviction and sentence for selling cocaine in a *572 public park. We find no errors in his trial warranting reversal of his conviction for the sale of cocaine. But we agree with Pearson that the State failed to prove the sale took place within 1,500 feet of a public park, which is a sentencing-enhancement factor. However, we need not alter his sentence because the trial judge did not rely on the park-proximity enhancement to increase Pearson’s penalty beyond the statutory maximum. Accordingly, we modify his conviction to “sale of cocaine” and affirm.
FACTS
¶ 2. In September 2007, Donnell Rutledge worked with Officer William Satcher as a paid confidential informant for the South Mississippi Narcotics Task Force. Rutledge participated in controlled undercover drug purchases wearing a hidden video camera.
¶ 3. Rutledge informed Officer Satcher he thought he could make a controlled purchase of cocaine from Pearson. On September 11, 2007, in Officer Satcher’s presence, Rutledge called Pearson to arrange a cocaine sale later that day. Immediately before Rutledge left to meet Pearson, he again met with Officer Satcher, who searched Rutledge’s person and car to ensure Rutledge had no drugs or cash on him. Officer Satcher then fitted Rutledge with a hidden camera with an audio transmitter and gave Rutledge fifty dollars to purchase the cocaine.
¶ 4. Pearson met Rutledge in Clarke County at a location referred to as Sum-merall Park. Rutledge testified that, in exchange for the buy money, Pearson gave him a small, sealed plastic bag containing a powder substance. After the sale, Rutledge met Officer Satcher at a pre-ar-ranged location to hand over the drugs and camera. Officer Satcher weighed the baggie of what appeared to be cocaine and immediately sealed it in an evidence bag. The evidence bag was sent to the Mississippi Crime Laboratory for testing. Results showed the plastic bag contained 0.2 gram of cocaine.
¶ 5. In August 2008, a grand jury charged Pearson with the “sale of cocaine within 1,500 feet of a public park.” At his June 2009 trial, the State called as witnesses Officer Satcher, Rutledge, and a drug analyst from the Mississippi Crime Laboratory. The State also introduced the video of the exchange and the bag of cocaine. The jury found Pearson guilty of selling cocaine within 1,500 feet of a public park. At a separate hearing, the trial judge sentenced Pearson to fifteen years’ imprisonment, with five years suspended and five years of supervised probation, and ordered him to pay a $5,000 fine upon his release.
¶ 6. Pearson filed a motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, which was denied. Pearson timely appealed.
DISCUSSION
I. The Sale-of-Cocaine Conviction
A. Admission of Physical Evidence
¶ 7. Pearson first argues the trial court erred in admitting the bag of cocaine. His concerns focus on whether the powder cocaine admitted at trial was the same substance Pearson sold to Rutledge. Pearson admits he waived his right to raise this issue on appeal by failing to object to the admission of the bag of cocaine at trial. He asks that we review the evidentiary admission for plain error. Foster v. State, 639 So.2d 1263, 1289 (Miss.1994) (A “defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal.”). To establish plain error, there must be a showing of an error at the trial *573 level resulting in a “miscarriage of justice.” Stephens v. State, 911 So.2d 424, 432 (¶ 19) (Miss.2005).
¶ 8. Pearson specifically claims the State admitted physical evidence that had not been properly authenticated or identified. Admission of evidence at trial falls within the trial judge’s discretion. Turner v. State, 3 So.3d 742, 744 (¶ 9) (Miss.2009). This discretion “must be exercised within the boundaries of the Mississippi Rules of Evidence.” Thomas v. State, 711 So.2d 867, 872 (¶ 21) (Miss.1998) (citation omitted).
¶ 9. Pearson contends the trial court abused its discretion because the State failed to prove the cocaine tested by the crime lab was the same substance he sold to Rutledge. He relies on the following conflicting evidence: (1) Officer Satcher’s case report, describing the charged crime as “sale of crack cocaine” and the contraband as 0.3 gram of “crack cocaine”; (2) the evidence-submission form to the crime lab requesting analysis of the sealed evidence bag, describing its contents as “an off white rock-like substance ... believed to be crack cocaine”; and (3) Rutledge’s written statement about the sale, taken a year after it had occurred, describing the purchased substance as “crack cocaine.”
¶ 10. The Mississippi Supreme Court considered a similar argument in Turner — that there was a reasonable inference the evidence had been tampered with or substituted. Turner, 3 So.3d at 744 (¶ 10). As in Turner, although Pearson describes the error as a break in the chain of custody, he is clearly attacking the identification of the bag of cocaine under Mississippi Evidence Rule 901(a). Id. at 744 (¶ 11). “Rule 901(a) does not expressly require that a proponent prove a chain of custody, though it remains one avenue to Rule 901(a) identification.” Butler v. State, 592 So.2d 983, 985-86 (Miss.1991) (“pretermit[ting] chain of custody objections” when evidence has been identified by direct testimony). “The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” M.R.E. 901(a).
¶ 11. Describing the level of evidence necessary to satisfy Rule 901(a), the Mississippi Supreme Court has stated:
Rule 901’s phrase “support a finding” imports the same notions of legal sufficiency trial courts confront when a convicted defendant moves for judgment of acquittal notwithstanding the verdict and, as well, our de novo review of such matters. [Rule] 901(a) allow[s] receipt of the cocaine as evidence against [the defendant] if — and only if — all of the evidence, giving the prosecution the benefit of all favorable inferences that may reasonably be drawn therefrom, is such that reasonable and fair-minded jurors, having in mind the beyond-a-reasonable-doubt burden of proof standard, in the exercise of impartial judgment, may have reached different conclusions whether [the defendant] delivered it to [the confidential informant]. The question is not whether the trial court finds beyond a reasonable doubt [the defendant] delivered the cocaine, but whether a jury may so find.
Butler, 592 So.2d at 985 (emphasis added). “[A]ny discrepancies in the evidence [are] ‘subjects of cross-examination and argument, but [do] not detract from the fact that there [is] otherwise evidence to satisfy the strictures of Rule 901(a).’ ” Turner, 3 So.3d at 745 (¶ 14) (quoting Butler, 592 So.2d at 986).
¶ 12. Pearson’s counsel cross-examined Officer Satcher and Rutledge about the “crack cocaine” discrepancies. Officer *574 Satcher explained both the case report and evidence-submission form were created using a computer form that contained the phrase “crack cocaine.” His failure to delete the word “crack” when filling out the form was a typo. On re-direct, he further explained there is no separate crime in Mississippi for the “sale of crack cocaine.” Instead the offense is based on the “sale of cocaine” — regardless of the form. Rutledge testified he had originally written a statement right after the sale that used the word “cocaine,” not “crack.” He did not write the statement introduced at trial until a year after the sale had occurred. He explained that he had used Officer Satcher’s report to jog his memory before erroneously writing that Pearson sold him “crack cocaine.”
¶ 13. We find these discrepancies in the case report, evidence-submission form, and witness statement do not detract from the State’s satisfaction of the requirements of Rule 901(a). Rutledge testified he was positive Pearson sold him powder cocaine, and he identified the bag of cocaine as the same one Pearson sold him. Officer Satcher testified, the moment Rutledge handed over the plastic bag, he sealed it in an evidence bag with a distinct identification number. He identified the evidence bag as the same one he sealed right after the sale. And the lab analyst testified he analyzed the substance contained in the sealed evidence bag, identified with the same number Officer Satcher had written on the bag, and found it to be cocaine.
 ¶ 14. Witness credibility is for the jury to consider, not a reviewing court. Turner, 3 So.3d at 746 (¶ 15) (citing Doby v. State, 532 So.2d 584, 591 (Miss.1988)). And to the extent that Pearson attacks the chain of custody, we note that gaps in the chain of custody go to the weight of the evidence, not admissibility. Deeds v. State, 27 So.3d 1135, 1143 (¶ 24) (Miss. 2009). Because a reasonable jury could have found the bag of cocaine introduced at trial was the same bag Pearson sold to Rutledge, there was no error, much less a miscarriage of justice, in admitting the bag of cocaine into evidence.
B. Denial of Motion for JNOV or New Trial
¶ 15. Pearson uses the same “crack” versus powder cocaine discrepancy to argue the trial court improperly denied his motion for JNOV or new trial.
1. Sufficiency of the Evidence
¶ 16. A motion for JNOV challenges the sufficiency of the evidence. Smith v. State, 839 So.2d 489, 495 (¶ 11) (Miss.2003). When addressing the legal sufficiency of evidence, we consider all evidence in a light most favorable to the State. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). Credible evidence consistent with guilt must be accepted as true. We are instructed to give the State the benefit of all favorable inferences reasonably drawn from the evidence. Jones v. State, 20 So.3d 57, 64 (¶ 16) (Miss.Ct.App.2009) (citing Hughes v. State, 983 So.2d 270, 275-76 (¶¶ 10-11) (Miss.2008)). And the jury resolves matters of weight and credibility. Reversal is proper when reasonable and fair-minded jurors could only find the accused not guilty. Id. The crux of our duty in considering the sufficiency of the evidence is to determine whether from the evidence presented it would be impossible for a reasonable juror to find the defendant guilty. Ducksworth v. State, 767 So.2d 296, 301 (¶ 10) (Miss.Ct.App.2000).
¶ 17. The State charged Pearson with knowingly selling 0.2 gram of cocaine, a Schedule II controlled substance. The indictment did not identify the cocaine as “crack.” The State presented testimony *575 from Officer Satcher, who searched Rutledge for drugs and cash prior to his meeting with Pearson, fitted Rutledge with a hidden camera and audio transmitter, and recovered the cocaine from Rutledge immediately after the sale. Rutledge verified the video introduced at trial depicted the sale between him and Pearson. He also testified that the bag was the one Pearson sold him, which the lab analyst indicated contained cocaine. Viewing this evidence in the light most favorable to the State, a reasonable juror certainly could have found Pearson guilty of the sale of cocaine. Therefore, the trial court properly denied Pearson’s motion for JNOV.
2. Weight of the Evidence
¶ 18. “A motion for new trial challenges the weight of the evidence.” Smith v. State, 925 So.2d 825, 832 (¶ 16) (Miss.2006). When considering the weight of the evidence, “we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). We review the weight of the evidence in the light most favorable to the verdict. Id.
¶ 19. The inconsistencies in the written description of the contents of the bag that Pearson sold to Rutledge were proper matters for cross-examination. The jury was certainly free to accept or reject the State’s explanations. Rutledge testified Pearson sold him the plastic bag of cocaine. The transaction was caught on video. Officer Satcher testified he sealed the plastic bag in a numbered evidence bag. The crime lab determined the plastic bag contained 0.2 gram of cocaine. Viewing this evidence in the light most favorable to the verdict, we find the trial court properly denied Pearson’s motion for a new trial.
C. Cross-Examination of Pearson
¶ 20. Pearson also argues the State impermissible questioned him about whether he intended to call his wife as an alibi witness. Pearson elected to testify in his defense. He took the stand at trial and claimed he was at home with his wife when the drug sale took place and that his wife could verify he was at home. Over his counsel’s objection, the State asked Pearson why he had not then filed a notice of alibi and planned to call his wife to testify.
¶ 21. Pearson assigns two reversible errors to the State’s line of questions — (1) the State shifted the burden of proof, making Pearson prove his innocence; and (2) the State improperly commented on Pearson’s failure to call his wife to testify. We have already discussed our satisfaction with the evidence supporting the jury’s verdict. Furthermore, by questioning Pearson about his lack of an alibi witness, the State did not impermissibly shift its burden to prove each element beyond a reasonable doubt but instead permissibly attacked the credibility of Pearson’s defense. See Weathersby v. State, 769 So.2d 857, 861 (¶¶ 17-18) (Miss.Ct.App.2000) (finding the prosecutor was not prohibited from commenting on “the total lack of evidence from the defense to contradict the proof introduced by the prosecution ... one such example being an alibi witness”).
¶ 22. We note that, generally, “the failure of either party to examine a witness equally accessible to both parties is not a proper subject for comment before a jury.” Ross v. State, 603 So.2d 857, 864 (Miss.1992) (quoting Brown v. State, 200 Miss. 881, 887, 27 So.2d 838, 840 (1946)). But the concept described as “equal accessibility” is crucial in applying this rule. Id. The Mississippi Supreme Court in Ross explained:
*576 [T]he rule barring comment [does] not apply where a witness, while technically accessible to both parties, stood more available to the complaining party. Where a defendant fails to call a witness more available to him and presumptively in a closer relationship with him, the state is fully entitled to comment on the party’s failure to call the witness.
Id. (citing Brown, 200 Miss. at 888-89, 27 So.2d at 841).
¶ 23. In Ross, the defendant testified he had been fishing with his brother at the time when the crime was committed. Id. The supreme court found the rule of equal availability did not apply based on Ross’s relationship to the alleged alibi witness. Id. Instead, “the state had every entitlement to comment on the absence of testimony from Ross’s brother that his brother had fished with him all day.” Id. “Given this alibi and Ross’s relation to the absent witness, the state appropriately argued the logical inference that, but for Ricky Ross’s inability to corroborate his defendant brother’s testimony, he would have taken the stand.” Id.
¶ 24. Based on Pearson’s testimony that he was at home with his wife at the time the sale took place, we find the State was permitted to delve into whether Pearson intended to call his wife to verify his alibi. See McLaurin v. State, 31 So.3d 1263, 1268-69 (¶¶ 25-28) (Miss.Ct.App.2009) (finding the State did not improperly comment on the defendant’s failure to call the treating physician to corroborate his alibi that he could not have committed the crime due to a gunshot wound).
II. The Sentencing Enhancement
¶ 25. Pearson argues that by charging him with “sale of cocaine within 1,500 feet of a public park,” the State chose to include park proximity as an element of the crime. Because the State failed to prove the park proximity, which Pearson suggests is a required element, he seeks reversal of his sale-of-cocaine conviction.
¶ 26. Our courts have made clear “the 1,500-feet fact is not an element of the crime of sale of a controlled substance.” Brown v. State, 995 So.2d 698, 703 (¶ 19) (Miss.2008); Wolverton v. State, 859 So.2d 1073, 1077 (¶ 15) (Miss.Ct.App.2003). “Instead, it relates only to the imposition of an enhanced penalty upon conviction [of the sale of a controlled substance].” Wolverton, 859 So.2d at 1077 (¶ 15). If the sale occurs within 1,500 feet of a building or outbuilding of a public park or within 1,000 feet of the real property comprising the public park,[1] the conviction may carry a sentence double the statutory maximum. Miss.Code Ann. § 41-29-142 (Rev.2009); see Miss.Code Ann. § 41-29-139(b) (Rev.2009) (providing maximum penalty for the sale of cocaine).
¶ 27. The indictment read: “Raco Pearson ... did wilfully, unlawfully, and felo-niously and knowingly sell, barter, transfer, distribute or dispense approximately 0.2 gram of Cocaine, a Schedule II controlled substance, within 1500 feet ofSum-merall Park, to a confidential source, in exchange for fifty dollars.... ” (Emphasis added). Pearson argues the structure of the indictment changes park proximity from an enhancement to an element of the crime. We disagree -with his claim that by placing the phrase “within 1500 feet of Summerall Park” among the elements of the sale of cocaine, instead of at the end of *577 the indictment, it too became an element of the crime.
¶ 28. We find the State is not grammatically hamstrung by an indictment’s language when the indictment read as a whole clearly communicates the charges. Henderson v. State, 445 So.2d 1364, 1369 (Miss.1984). Pearson’s indictment charged him with violating Mississippi Code Annotated section 41-29-139 (sale of controlled substance). It also listed section 41-39-142, which provided him notice of the applicable sentencing enhancement for park proximity.
¶29. A sentencing enhancement that increases the penalty beyond the prescribed statutory maximum, like an element of the crime, must be proven beyond reasonable doubt to a jury. Brown, 995 So.2d at 702-03 (¶ 18) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Because of the potential sentence exceeded the statutory maximum, the State was required to charge the enhancement in the indictment.
¶ 30. We agree with Pearson that the State failed to prove the sale occurred within 1,500 feet of a public park. Although the informant testified the sale occurred on the real property referred to as Summerall Park, the record contains no evidence establishing this property was in fact a public park. While this failure by the State precludes an enhanced sentence, it does not alter Pearson’s sale-of-cocaine conviction. And in this particular case it has no effect on his sentence because the trial judge did not use park proximity to increase Pearson’s penalty beyond the statutory maximum.
¶ 31. The statutory authority to double the penalty for sale of a controlled substance is discretionary. Section 41-29-139(b)(1) imposes a maximum sentence of thirty years’ imprisonment in cases involving Schedule II substances such as cocaine.[2] Section 41-29-142(1) provides a person who violates section 41-29-139(a) by selling cocaine within 1,500 feet of the property of a public park, “in the discretion of the court, may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by Section 41-29-139(b).” Miss.Code Ann. § 41-29-142(1) (emphasis added). Far from deciding to penalize Pearson double the thirty-year maximum, the trial judge, in his discretion, sentenced Pearson to fifteen years’ imprisonment, with five of those years suspended, followed by five years of supervised probation. The apparent determining sentencing factor was not the location of the sale but rather Pearson’s forty-two prior misdemeanor convictions. Pearson’s sentence was well below the general statutory maximum of thirty years listed in section 41 — 29—139(b)(1).
¶ 32. In Brown, 995 So.2d at 701 (¶ 6), the trial judge sentenced the defendant to sixty years for the sale of a controlled substance within 1,500 feet of a church. The Mississippi Supreme Court, finding the sentencing enhancement had not been proven to the jury, affirmed the thirty-year sentence for the sale-of-cocaine conviction but vacated the additional thirty-year sentence. Id. at 705 (¶ 30). In contrast to Brown, because Pearson’s sentence is not greater than thirty years, there is nothing to vacate. Instead, we modify the conviction from “sale of cocaine within 1,500 feet of a public park” to “sale of cocaine” and affirm as modified.
*578 ¶ 33. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, FIVE YEARS OF SUPERVISED PROBATION, AND TO PAY A $5,000 FINE, IS AFFIRMED AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.

. Section 41-29-142 applies not only to sales of controlled substances within 1,500 feet of public parks but also public or private elementary, vocational, or secondary schools; churches; ballparks; public gymnasiums; youth centers; and movie theaters.

. Mississippi Code Annotated section 41-29-115(A)(a)(4) (Rev.2009) lists cocaine as a Schedule II controlled substance.