# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00056-COA

ANTONIO COOPER A/K/A ANTONIO M. COOPER                    APPELLANT

v.

STATE OF MISSISSIPPI                                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2013 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCED AS A HABITUAL OFFENDER TO TWENTY YEARS AND AN ADDITIONAL CONSECUTIVE TEN YEARS AS AN ENHANCEMENT FOR THE DISPLAY OR USE OF A FIREARM BY A CONVICTED FELON DURING THE COMMISSION OF A FELONY; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS, WITH THE SENTENCE IN COUNT I TO RUN CONCURRENTLY WITH COUNT II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |

MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Antonio Cooper appeals the sentence imposed by the Circuit Court of Bolivar County. A jury found Cooper guilty of aggravated assault and possession of a firearm by a convicted felon. The trial court found he was a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014). Cooper was sentenced to serve the maximum sentence of twenty years for aggravated assault and ten years for felon in possession of a firearm. The trial court further ordered Cooper to serve an additional ten-year sentence under Mississippi Code Annotated section 97-37-37(2) (Rev. 2014) for using or displaying a firearm in the commission of the felony of aggravated assault. On appeal, the State admits, and this Court agrees, that it was error for the trial court to impose two enhanced sentences for the aggravated-assault conviction. Therefore, we reverse and render the ten-year firearm-enhancement portion of Cooper's sentence for the aggravated-assault conviction.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2.     In September 2013, Cooper was indicted for aggravated assault (Count I) and possession of a firearm by a convicted felon (Count II). In the indictment, the State sought two sentencing enhancements on Count I – habitual-offender status under section 99-19-81, and use and display of a firearm by a convicted felon during the commission of a felony under section 97-37-37(2). On Count II, the State again sought a habitual-offender sentencing enhancement.

2

¶3.    Cooper pleaded not guilty and proceeded to trial in November 2013. The State presented evidence that in the early evening of June 19, 2013, Cooper was driving a green Pontiac and approached a group of individuals having a cookout on Church Street in Cleveland, Mississippi. Cooper rolled down the passenger-side window of the vehicle and shot into the crowd with a small chrome revolver. He struck the victim, Richard Brown, in the upper arm.

¶4.    Five eyewitnesses for the State, including the victim, identified Cooper as the shooter, and testified that Cooper had had a recent physical altercation with another person at the cookout – Charlie McGee – who was standing next to the victim at the time of the shooting. While Cooper has a look-alike brother, all five of the eyewitnesses testified that it was Cooper and not his brother who fired the shot from the green vehicle. Cooper, testifying on his own behalf, offered alibi testimony that at the time of the shooting he was at his sister's house and did not shoot Brown, who was his best friend.

¶5.    The jury found Cooper guilty of both counts. Prior to trial, Cooper had stipulated that he was a felon at the time of the incident. During sentencing, the State entered certified records of Cooper's prior convictions (a conviction for three counts of burglary of a dwelling for which he was sentenced to fourteen years, and one conviction for felony escape for which he received a one-year sentence).

¶6.    Related to the issue on appeal, the trial court sentenced Cooper to twenty years as a habitual offender for aggravated assault, and also sentenced him a second time on the same charge to an additional ten years under the firearm-enhancement statute, to run consecutively

3

to the sentence for aggravated assault. Cooper filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, claiming the trial court erred in refusing a jury instruction on witness identification, the verdict was against the overwhelming weight of the evidence, and any other apparent errors in the record. The motion was denied. Cooper appealed.

¶7.    In January 2014, Cooper filed a statement of issues for appeal with the trial court, and the issues were the same as the issues in the motion for a JNOV. However, in May 2014, Cooper, now represented by the Office of the State Public Defender, Indigent Appeals Division, claimed only one error – that the trial court erred in imposing an additional ten-year sentence under the firearm-enhancement statute. The State admits error in the trial court's imposition of two sentencing enhancements for Cooper's aggravated-assault conviction.[1]

**ANALYSIS**

¶8.    Cooper claims the trial court erred in imposing an additional ten-year sentence, and the State confesses this error. Section 97-37-37(2) provides:

> *Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law*, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or

---

[1] This Court subsequently granted Cooper permission to file a pro se supplemental brief under Mississippi Rule of Appellate Procedure 28(b), which he filed in September 2014. In it, he argues his indictment and arrest warrants were improper. He claims his indictment was invalid because it did not include the word "statute," and his arrest warrants were invalid because a judge or clerk did not "sign off" on them. We find both arguments procedurally barred because they were not raised before the trial court. *See Ross v. State*, 603 So. 2d 857, 861 (Miss. 1992). Further, they are without merit.

4

suspended.

(Emphasis added). The statute applies the ten-year firearm enhancement "[e]xcept to the extent that a greater minimum sentence is otherwise provided." Cooper's mandatory twenty-year sentence for aggravated assault as a habitual offender under section 99-19-81 provides a "greater minimum sentence" than the ten-year enhancement statute. Therefore, section 97-37-37(2) was inapplicable to this case. The trial court erred in imposing the additional ten-year sentence.

¶9. Both parties cite *Harris v. State*, 99 So. 3d 169 (Miss. 2012), as analogous. In *Harris*, a jury convicted the defendant of aggravated assault and possession of a firearm by a convicted felon. *Id.* at 171 (¶9). He had been charged under two sentence enhancements – as a habitual offender under section 99-19-81, and for use and display of a firearm during a felony under section 97-37-37(2). *Id.* at 170 (¶3). The trial court sentenced the defendant as a habitual offender to the maximum sentence of twenty years for aggravated assault, and ten years for possession of a firearm by a convicted felon. The trial judge sentenced the defendant to an additional ten years for the latter crime under the firearm enhancement. The Mississippi Supreme Court reversed this Court's judgment on the sentencing issue, agreeing with the defendant that the additional ten-year sentence was in error because the mandatory twenty-year sentence for aggravated assault as a habitual offender carried "a greater minimum sentence" than the ten year firearm-enhancement sentence. *Id*. at 172, 174 (¶¶11, 13-14, 26).

¶10. We find the *Harris* analysis applicable here. The trial court was required to sentence

5

Cooper as a habitual offender to the maximum sentence of twenty years for aggravated assault; thus, section 99-19-81 provided a "greater minimum sentence" than the ten-year enhancement. Accordingly, the trial court erred in sentencing Cooper under 97-37-37(2). We therefore reverse and render the ten-year-enhancement portion of Johnson's sentence for the aggravated-assault conviction.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE, AS A HABITUAL OFFENDER, OF TEN YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. THE SENTENCE OF TEN YEARS AS AN ENHANCEMENT FOR THE USE OF A FIREARM IN THE COMMISSION OF A FELONY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**